UNITED STATES of America, Plaintiff-Appellee,

v.

ONE CLIPPER BOW KETCH NISKU, Defendant-Appellee,

Ralph G. Washington, Claimant-Appellant.

No. 76–1271.

United States Court of Appeals, First Circuit.

Argued Nov. 1, 1976.

Decided Jan. 20, 1977.

Howard J. Alperin, Boston, Mass., with whom Roland F. Chase, Newport, R. I. and Richard A. Gargiulo, Boston, Mass., were on brief, for claimant-appellant.

William A. Brown, Asst. U. S. Atty., Chief, Civ. Div., Boston, Mass., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and GIGNOUX,* District Judge.

GIGNOUX, District Judge.

In this action the United States seeks the forfeiture of a $25,000 ketch, the NISKU, alleging that it was used to transport and conceal contraband substances, including a quantity of marihuana and cocaine, in violation of 21 U.S.C. § 881, 49 U.S.C. §§ 781 and 782, and 19 U.S.C. § 1595a. Claimant, Ralph Washington, a resident of Arizona, purchased the NISKU in December 1973 in Marblehead, Massachusetts, and returned to Arizona, leaving one Jose Giner to attend to the fitting out of the boat for a planned two-year cruise around the world. Giner was to serve as captain and teach Washington and several others, who had no boating experience, to sail. With the exception of two visits of a few days each, one to close the deal on the

* Of the District of Maine, sitting by designation.

purchase of the NISKU and one to see her put into the water for the first time, Washington remained in Arizona until a few days before they were to set off on the cruise. The NISKU set sail from Marblehead early on May 21, 1974, and, with Washington at the helm, ran aground on a sandbar near Plymouth harbor around 10 A.M. Later that evening, the Plymouth harbormaster, accompanied by an agent of the Drug Enforcement Agency (DEA), came out to the NISKU. According to the testimony of the DEA agent, contradicted by Washington, Washington and others on the boat were smoking a marihuana cigarette. The harbormaster said that he would return later to lead the NISKU into the harbor. After the tide had freed the boat from the sandbar, it proceeded to the dock in the harbor. At 5:00 A.M. the next morning, DEA agents, pursuant to a search warrant, boarded the NISKU and found approximately three-quarters of a pound of marihuana [1] in the area of the vessel where Giner slept. The NISKU was seized and the crew arrested.[2]

In the district court proceedings on the government's forfeiture complaint, the claimant moved to suppress the evidence seized pursuant to the warrant, and the district court denied the motion.[3] In the trial which followed, the court, accepting

1. The return of the warrant indicates that 1.5 grams of cocaine and small quantities of other drugs were also found on board. The government's brief asserts that the material seized pursuant to the warrant was stipulated into evidence at the trial; however, the record does not bear out this assertion. Claimant stipulated that marihuana was found but objected when the government noted that cocaine was also discovered. There followed a discussion of the quantity of cocaine found, revealing that the amount was approximately one-half gram, including the cutting agents. The district court made no findings concerning any drug other than the marihuana. Claimant's answer to the forfeiture complaint asserts that the drugs found, other than marihuana and cocaine, were obtained lawfully, pursuant to a physician's prescription.

2. Washington was charged with illegal possession of controlled substances in violation of 21 U.S.C. § 841, but the criminal charge was voluntarily dismissed by the government. Claimant argues that the dismissal of the criminal charge barred the forfeiture proceeding by collateral estoppel. We cannot agree. Clearly, a voluntary dismissal does not amount to an adjudication of the issues. See Lawlor v. National Screen Service Corp., 349 U.S. 322, 326–27, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). Moreover, the issues and burden of proof in a civil forfeiture proceeding differ from those in a criminal case. See One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972); United States v. One 1969 Buick Riviera, 493 F.2d 553 (5th Cir. 1974).

3. Claimant attacks the sufficiency of the affidavit supporting the warrant. We believe that the affidavit amply showed facts sufficient to establish probable cause for the issuance of the warrant. The affidavit is based on a statement by the service manager of the Marblehead boatyard that on May 20, while aboard the NISKU in Marblehead Harbor, he had observed an open brown paper bag which contained a substance which he, in view of a previous identification lesson at the Marblehead Police Department, identified as marihuana and that, on previous occasions, members of the crew of the NISKU had offered marihuana to his employees. We think that the affidavit furnished the magistrate with sufficient information to support the conclusion that the informant was "credible" and his information "reliable." See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This is not a case where the affidavit simply recites an informant's bare assertion, compare Von Utter v. Tulloch, 426 F.2d 1 (1st Cir.), cert. denied, 400 U.S. 826, 91 S.Ct. 50, 27 L.Ed.2d 55 (1970); rather, the affidavit supplies the basis of the informant's conclusion that there was marihuana aboard the NISKU—his having seen marihuana on the vessel and marihuana having been offered to his employees by members of the vessel's crew. Moreover, the affidavit supplies the basis for crediting the informer's identification of the "vegetable substance" he observed in the open bag on the NISKU as marihuana—his having previously learned to identify marihuana at the Marblehead police station. "[W]here [the underlying] circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause," we "should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

Claimant also argues that the informant's testimony, adduced on a renewal of the motion to suppress, showed that the affidavit contained material misstatements. See United States v. Belculfine, 508 F.2d 58 (1st Cir. 1974).

the testimony of the DEA agent who said he saw Washington smoking marihuana, and thereby rejecting Washington's testimony that he had no knowledge of any illegal drugs on board, found that there was marihuana on board the NISKU and that Washington knew it was there. Forfeiture was ordered.

 Claimant's principal argument is that the forfeiture statutes ought not to be interpreted to apply to this case: that the statutes should be construed to require forfeiture only where a vessel has been used in illegal drug trafficking, not where a quantity of illicit drugs for personal consumption has been found in a vessel.[4] If we had discretion in the matter, we might find claimant's proposed distinction appealing, for it cannot be denied that drug trafficking is at the core of the conduct at which the forfeiture statutes are directed, and the justification for imposing forfeiture in cases involving solely possession of contraband for personal use is far less apparent. However, the statutory language belies the argument that the forfeiture provisions are limited to commercial trafficking, and the uniform course of judicial decisions indicates that it is not the role of the courts to mitigate the harshness of these statutes.

The relevant statutes[5] are 21 U.S.C. § 881, which provides, in pertinent part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . . .

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession,

or concealment of [controlled substances].

and 49 U.S.C. §§ 781, 782, which provide, in pertinent part:

§ 781. (a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.

. . . . .

§ 782. Any vessel, vehicle, or aircraft which has been or is being used in violation of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited. . .

 The language of these statutes furnishes no support for the distinction urged by claimant. By the express terms of 21 U.S.C. § 881, a vessel is to be forfeited if used "to transport" controlled substances. The plain meaning of "to transport" is simply to carry or convey from one place to another. The statute is silent as to the purpose for which the transportation is undertaken, and we cannot read such a limitation into the words used. 49 U.S.C. §§ 781, 782 even more clearly foreclose the interpretation urged by claimant. In addition to a clause similar to that in 21 U.S.C. § 881 requiring forfeiture of any vessel, vehicle or aircraft used "to transport, carry, or con-

---

We agree with the district court's finding that the informant's testimony was not "different in any material respects" from the affidavit. Claimant, not having pursued other grounds for suppression in the district court proceedings, may not raise them now on appeal.

4. Claimant also argues that application of the forfeiture statutes to this case would violate the Due Process Clause of the Fifth Amendment. The decision of the Supreme Court in *Calero-Toledo v. Pearson Yacht Leasing Co.*,

416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974) that forfeiture of the property of an innocent owner does not violate due process would appear to foreclose this argument.

5. The third statute, 19 U.S.C. § 1595a, also cited by the government in its forfeiture complaint, is inapplicable since it concerns illegal importation of contraband, of which there is no evidence in this case.

vey" contraband, 49 U.S.C. §§ 781, 782 provide for forfeiture where contraband is "conceal[ed]" or "possess[ed]" in or upon any vessel, or upon the person of anyone in or upon a vessel. Given such unambiguous language, we cannot feel free to limit the application of the statutes to commercial trafficking. Claimant points to the legislative history as indicating that Congress' purpose in enacting the statutes was to strike at the commercial traffic in illicit drugs. While it is true that Congress' expressed concern was with trafficking, *see* H.R.Rep.No.1054, 76th Cong., 1st Sess. (1939); H.R.Rep.No.2751, 81st Cong., 2d Sess. (1950), 1950 U.S.Code Cong.Serv., p. 2952; 116 Cong.Rec. 1665 (1970) (remarks by Senator Hruska), this does not preclude the possibility that other conduct was also intended to fall within the statutes. In any event, "there is no need to refer to the legislative history where the statutory language is clear." *Ex parte Collett*, 337 U.S. 55, 61, 69 S.Ct. 944, 947, 93 L.Ed. 1207 (1949); *accord, Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp.*, 545 F.2d 754 (1st Cir., 1976).

Although there are state court decisions construing similar forfeiture statutes as claimant urges, *State v. One 1972 Pontiac Grand Prix*, 242 N.W.2d 660 (S.D.1976); *State v. One Porsche 2-Door*, 526 P.2d 917 (Utah 1974), the federal courts have consistently rejected the position claimant advocates. *United States v. One 1957 Oldsmobile Automobile*, 256 F.2d 931 (5th Cir. 1958); *Associates Investment Co. v. United States*, 220 F.2d 885 (5th Cir. 1955); *United States v. One 1971 Porsche Coupe Automobile*, 364 F.Supp. 745, 748–49 (E.D.Pa.1973). *See also United States v. One 1967 Buick Riviera*, 439 F.2d 92 (9th Cir. 1971).[6] These cases have all held that the sweeping statutory language clearly requires forfeiture where any contraband has been physically present in the conveyance.[7]

■ The evidence amply supports the finding of the district court that the NISKU was used, with claimant's knowledge, to transport marihuana, and therefore the judgment of forfeiture was proper. The result is harsh, but that alone does not warrant the court's refusal to enforce the statutes. *United States v. Addison*, 260 F.2d 908 (5th Cir. 1958); *United States v. One 1957 Oldsmobile Automobile, supra. See also Calero-Toledo v. Pearson Yacht Leasing Co., supra* n. 4. Congress has provided a means for ameliorating the harshness of these statutes—the Attorney General may return the property if he finds "such mitigating circumstances as to justify the remission" of the forfeiture, 19 U.S.C. § 1618; 28 C.F.R. § 9—and we must assume that this was intended to be the sole mechanism for affording leniency. *Cf. United States v. One 1970 Buick Riviera*, 463 F.2d 1168 (5th Cir.), *cert. denied*, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972) (Attorney General's decision under 19 U.S.C. § 1618 is not reviewable).

*Affirmed.*

---

6. Claimant's reliance on *United States v. One 1972 Datsun*, 378 F.Supp. 1200 (D.N.H.1974), is misplaced. In that case, forfeiture was denied because the contraband was never carried or transported in the Datsun. *Id.* at 1206. Moreover, the *Datsun* court acknowledged that the cases construing 21 U.S.C. § 881, the forfeiture statute there involved, make "clear that any intentional transportation or concealment of contraband in a conveyance, no matter how small the amount, will subject the conveyance to forfeiture." *Id.* at 1202.

7. The question of statutory interpretation involved in the present case was not directly presented in *Calero-Toledo v. Pearson Yacht Leasing Co.*, note 4 *supra*, the leading Supreme Court case dealing with forfeiture. In *Calero-Toledo*, the Court held that due process is not violated by the forfeiture of the interest of the innocent owner of a yacht in which contraband was found. Although there is no indication in the majority opinion of the quantity of drugs seized, or whether the case involved trafficking or possession for personal use, Justice Douglas' dissenting opinion does contain the comment that "so far as we know only one marihuana cigarette was found on the yacht," 416 U.S. at 693, 94 S.Ct. at 2097.