670 F.2d 810
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1976 PORSCHE 911S, VIN 911-6200323, CALIFORNIA LICENSE
090 NXC, its tools and appurtenances, Defendant-Appellant,
Linda Gail Bowles, Claimant-Appellant.
 No. 78-1106.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 10, 1979.
 
 Michael S. Sideman, Ripley, Sideman & Meyer, San Diego, Cal., for defendant-appellant.
 D. Michael Waltz, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before WALLACE and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.
 PER CURIAM:
 
 
 1
 The claimant, Linda Bowles, appeals the judgment of the district court ordering the forfeiture of her automobile, which government officials seized after they found .226 grams of marijuana in the trunk during an inventory search. On appeal, Bowles contends because the automobile contained such a small quantity of marijuana, forfeiture is unconscionable. Because the relevant statutes require forfeiture without regard to the amount of the contraband found in the vehicle, we affirm the judgment of the district court.
 
 
 2
 Bowles' vehicle was delivered to a United States magistrate by her brother's attorney as collateral on her brother's appearance bond. During an inventory search of the car, the magistrate, and later a United States Attorney and a Drug Enforcement Agency (DEA) agent, observed a "green vegetable matter" that appeared to be marijuana. The DEA agent swept up a portion of the green matter and put it in a plastic bag. As he did so, some of the matter blew away. A DEA chemist determined there were .226 grams of marijuana in the plastic bag.
 
 
 3
 The district court found there was probable cause to believe contraband was possessed in the vehicle in violation of 49 U.S.C. § 781, and hence forfeiture was mandated under section 782. The district judge rejected Bowles' contention that the forfeiture statutes did not reach small amounts of contraband and added that his conclusion was reinforced by the fact that the amount discovered was a usable amount. Also, it was likely the matter constituted the remains of a larger quantity of marijuana, especially in light of its location in the vehicle.
 
 
 4
 The government instituted forfeiture proceedings pursuant to 21 U.S.C. § 881, and 49 U.S.C. §§ 781-782. To establish a forfeiture under these sections, the government need show only that there was probable cause that one of the statutes had been violated. United States v. One 1967 Buick Riviera, 439 F.2d 92, 93 (9th Cir. 1971). The "sweeping statutory language" requires forfeiture where any contraband has been physically present in the conveyance. United States v. One Clipper Bow Ketch Nisku, 548 F.2d 8, 12 (1st Cir. 1977); see United States v. One 1967 Cadillac Coupe Eldorado, 415 F.2d 647 (9th Cir. 1969).
 
 
 5
 Bowles does not dispute there was a statutory violation when the police found marijuana in the trunk of her auto. Instead, she contends it is unconscionable to require forfeiture where a vehicle contains only .226 grams of marijuana. She further contends that the purpose of the statutes is to punish drug traffickers and Congress did not intend to sanction forfeitures in this type of case.
 
 
 6
 The courts have uniformly held that a vehicle is subject to forfeiture no matter how small the quantity of contraband found. E. g., United States v. One 1957 Oldsmobile, 256 F.2d 931, 933 (5th Cir. 1958); United States v. One 1971 Porsche Coupe Auto, 364 F.Supp. 745, 748-749 (E.D.Pa.1973). Although the legislative history suggests Congress was concerned with drug trafficking, this does not mean that other conduct was not intended to fall within the statute. United States v. One Clipper Bow Ketch Nisku, supra, 548 F.2d at 12. In any event, there is no need to refer to the legislative history of the forfeiture statutes because the statutory language is unambiguous. Id. Consequently, Bowles' vehicle was subject to forfeiture despite the small quantity of marijuana found in the trunk.
 
 
 7
 The Supreme Court in dicta has acknowledged two instances where application of the forfeiture statutes could violate the due process clause: (1) where it involves an owner whose property had been taken from him without his privity or consent; or (2) where an owner proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that could reasonably be expected to prevent the proscribed use of his property. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 689-690, 94 S.Ct. 2080, 2094-2095, 40 L.Ed.2d 452 rehearing denied, 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974); see United States v. One 1972 Chevrolet Blazer, 563 F.2d 1386, 1388-1389 (9th Cir. 1977). Bowles, however, makes no allegation that either circumstance is present in this case.
 
 
 8
 Finally, Congress has provided a remedy to mitigate the harshness caused by the application of the forfeiture statutes. Under 19 U.S.C. § 1618, a claimant may apply to the Attorney General for remission. See 21 U.S.C. § 881(d); Calero-Toledo v. Pearson Yacht Leasing Co., supra, 416 U.S. at 689-690 n.27, 94 S.Ct. at 2094-2095; United States v. One 1967 Cadillac Coupe Eldorado, supra, 415 F.2d at 649. In his discretion, the Attorney General may return the property if he finds mitigating circumstances to justify the remission. 19 U.S.C. § 1618. Bowles does not contend that she was not given the administrative consideration required by section 1618. See United States v. One 1972 Chevrolet Blazer, supra, 563 F.2d at 1389.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Edmund L. Palmieri, United States District Judge, Southern District of New York, sitting by designation