**STATE of South Dakota, Plaintiff and Appellant,**

v.

**ONE 1972 LINCOLN CONTINENTAL VIN 2Y89A824320, Defendant and Appellee.**

12908.

Supreme Court of South Dakota.

Considered on Brief of Appellant March 17, 1980.

Decided Aug. 13, 1980.

Miles F. Schumacher, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, Ken Pugh, Intern, Vermillion, on brief.

Thomas K. Wilka, Sioux Falls; for defendant and appellee.

FOSHEIM, Justice.

The State appeals from the order dismissing a vehicle forfeiture proceeding under the State Drugs and Substances Control Act. We affirm.

Police officers were called to investigate a car in a ditch west of Sioux Falls on January 24, 1979. They found the registered owner, Russell Roth, still inside the car.

Roth was arrested on an outstanding warrant for failure to return a warning ticket. As it appeared that he was intoxicated, Roth was taken to the local detoxification center, where he was searched incident to his admission. During the search, the police found in Roth's pocket a small packet containing a white, powdery substance, later determined to be methamphetamine, which is a controlled substance under SDCL 34–20B–16(6).

The State contends that the trial court erred in ruling that SDCL 34–20B–70(4) requires transportation to accomplish possession and not merely transportation with possession. A determination of this question necessitates a brief review of our controlled substances legislation. In 1970, the legislature adopted the State Drugs and Substances Control Act, 1970 S.D.Sess.L. ch. 229, § 17, codified as SDCL 39–17–129, which provided in part for the forfeiture of:

(4) All conveyances including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of property described in (1) or (2), except as provided in §§ 39–17–130 and 39–17–131.

In interpreting this law, we stated in *State v. One 1972 Pontiac Grand Prix*, 90 S.D. 455, 242 N.W.2d 660 (1976), that the purpose of forfeiture is to deny the "narcotics peddler" and "drug trafficker" mobility and to financially weaken the narcotics enterprise. 90 S.D. at 459, 242 N.W.2d at 662. Application of this law requires more than a mere showing of controlled substances in the vehicle at the time it was stopped. Rather, the possession of marijuana must be directly related to the movements of the automobile and not merely incidental to its possession. 90 S.D. at 461, 242 N.W.2d at 663. The law is limited in application to vehicles containing controlled substances that are of the type or amount which constitute a felony under the law of the State of South Dakota. 90 S.D. at 461, 242 N.W.2d at 662–663.

SDCL 39–17–129 was amended by 1977 S.D.Sess.L. ch. 317, § 3. This amendment was codified as SDCL 34–20B–70(4) and provides for the forfeiture of:

(4) All conveyances including aircraft, vehicles, or vessels, which transport, possess or conceal, or which are used, or intended for use, to transport, or in

any manner facilitate the transportation, sale, receipt, possession or concealment of marijuana in excess of one ounce or any quantity of any other property described in subdivision (1) or (2), except as provided in §§ 34–20B–71 to 34–20B–73, inclusive; . . . .

Appellant argues that this change in the language manifests a legislative intent to broaden the statute to include situations such as found in the instant case. It is clear, however, that the amendment did not alter the previous purpose of the law; namely, to deny "narcotics peddlers" and "drug traffickers" mobility. In fact, it reinforced this principle by excluding forfeiture in all instances where the marijuana involved is one ounce or less. Just as these are clearly instances where "narcotics peddlers" and "drug traffickers" are not involved, so also is the present situation where there was no showing that the small amount of methamphetamine found in Roth's pocket was for anything other than personal use.

The amendment was not designed to reach the situation we are presently confronted with. If the legislature had intended the act to include forfeiture based upon the personal possession and consumption of a controlled substance while in a conveyance, it would have specifically stated such intent. Rather, the legislature added "which transport, possess or conceal," reinforcing our previous holding that the automobile must be used to facilitate in order to be in possession of the controlled substance. The statute as amended clearly does not encompass forfeiture of a conveyance based upon the personal use or consumption of a controlled substance while in an automobile.

The order appealed from is affirmed.

DUNN and MORGAN and HENDERSON, JJ., concur.

WOLLMAN, C. J., dissents.

WOLLMAN, Chief Justice (dissenting).

I adhere to the views expressed in my dissenting opinion in *State v. One 1972 Pontiac Grand Prix*, 90 S.D. 455, 242 N.W.2d 660 (1976). Moreover, I believe that the amendment now codified as SDCL 34–20B–70(4) eliminates much of the basis of the majority opinion in the *Pontiac* case.

> [A]n amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase.

1A Sutherland Statutory Construction § 22.30, at 178 (C. Sands, 4th ed. 1972).

The addition of the phrase "which transport, possess or conceal" can only be interpreted as a legislative extension of the forfeiture doctrine to include those instances in which the conveyance transports a controlled substance irrespective of any showing that the conveyance is specifically being used to transport or to facilitate the transportation of the controlled substance. Accordingly, I would reverse the order dismissing the action.