673 P.2d 1310

In the Matter of the FORFEITURE OF 1982 FORD BRONCO, BROWN AND CREAM IN COLOR, LIC. GJ 3201, VIN: IFMEU15G4CLA67351.

**STATE of New Mexico, Appellee,**

v.

**Scott STEVENS, Appellant.**

**No. 14910.**

Supreme Court of New Mexico.

Dec. 28, 1983.

James F. McDowell, III, Ted Hartley, Clovis, for appellant.

Paul Bardacke, Atty. Gen., Ida M. Lujan, Asst. Atty. Gen., Santa Fe, Charles J. Plath, Asst. Dist. Atty., Clovis, for appellee.

## OPINION

PAYNE, Chief Justice.

This appeal challenges the trial court's order forfeiting a 1982 Ford Bronco to the Clovis Police Department, pursuant to NMSA 1978, Section 30–31–34(D).

On December 12, 1982, Wayne Thatcher and Glen Corbin went to Scott Stevens' house, where they were informed that they could get some marijuana. Stevens told them that it would cost two hundred dollars apiece. After he received four hundred dollars, Stevens drove to Tahoka, Texas to make the purchase. He was to pick up the marijuana on December 13, 1982. The next day, he was to give Corbin and Thatcher their shares of the purchase.

On December 13, 1982, the Clovis Police were tipped off regarding Stevens' activities. At 1:30 a.m., December 14, 1983, two officers stopped the 1982 Ford Bronco driven by him. A search warrant was executed and a shopping bag, which contained 11.4 ounces of marijuana, was found in the Bronco.

Stevens was arrested and charged with possession of over eight ounces of marijuana with the intent to distribute in violation of the Controlled Substances Act. In addi-

tion, the police department requested judgment forfeiting the Ford Bronco to the Department.

Although the criminal charges were dismissed and filed in an Air Force military court, the trial court ordered the forfeiture. It held that the vehicle was used to transport marijuana for the purpose of sale. We affirm.

■ Stevens contends that the trial court's findings of fact are not reasonably supported by the evidence. One finding states that Stevens told Thatcher and Corbin that he knew where they could get a "large amount of marijuana in Texas." Stevens maintains that the record is silent as to the amount that would be purchased.

It is undisputed that 11.4 ounces of marijuana was found in the Bronco. It cost six hundred dollars, according to Stevens. The trial judge could reasonably infer that this is a large amount. The quantity is relevant only to the extent it amounted to a felony (NMSA 1978, 30–31–34(G) (Repl.Pamp. 1980)), which it did. NMSA 1978, § 30–31–23(B)(3) (Repl.Pamp.1980). The trial court's finding is a reasonable inference, and does not merit reversal. *Pacheco v. Martinez*, 97 N.M. 37, 636 P.2d 308 (Ct.App. 1981).

Stevens also argues that the trial court took Thatcher's testimony out of context. Finding No. 3 is that Thatcher believed that he was purchasing two hundred dollars worth of marijuana from Stevens. Thatcher reiterated the same opinion to Stevens' attorney on cross-examination. In response to the question, "Did you consider that you were purchasing it from [Stevens]?", Thatcher said, "I gave him my money, and he was going to give me pot." Accordingly, this finding is reasonably supported by the evidence.

Stevens also challenges the trial court's finding that the "sole purpose of transportation of the marijuana was to complete the sale." Stevens alleges that this is an erroneous legal conclusion. His argument is

that he, Corbin, and Thatcher were all partners. Title passed to all three upon delivery of the goods to him as an agent in Tahoka, Texas, as it does in a commercial transaction. The sale was completed before transporting the marijuana. Accordingly, Stevens cites *State v. Barela,* 93 N.M. 700, 604 P.2d 838 (Ct.App.1979), *cert. denied,* 94 N.M. 674, 615 P.2d 991 (1980) and argues his vehicle is not subject to forfeiture.

In *Barela,* the undercover police agent purchased marijuana from Barela in his kitchen. Then Barela gave the undercover agent a ride from his house, transporting the marijuana. The court of appeals held that Barela's vehicle was not subject to forfeiture because the sale was completed before the drug was transported.

Stevens' argument lacks merit. Although *Barela* held that transportation of the marijuana must be for the purpose of sale, we find this interpretation to be contrary to the meaning of NMSA 1978, Subsection 30–31–34(D) (Repl.Pamp.1980). The statute reads in relevant part:

> The following are subject to forfeiture:
>
> \*   \*   \*   \*   \*   \*
>
> D.   all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation for the purpose of sale of property described in Subsections A or B \*   \*   \*   \*

According to our interpretation of Subsection 30–31–34(D), a vehicle is subject to forfeiture if used to transport an illegal substance. The transportation need not be for the purpose of sale. Section 30–31–34 must be read according to its "grammatical sense." *Aetna Finance Co. v. Gutierrez,* 96 N.M. 538, 541, 632 P.2d 1176 (1981). Of primary importance is the rule that a restrictive clause only applies to the words or phrase immediately preceding it, and not to others more remote. *In re Goldsworthy's Estate,* 45 N.M. 406, 412, 115 P.2d 627, 631 (1941). A comma must not be placed between the restrictive clause and that which

it restricts. *Hughes v. Samedan Oil Corp.,* 166 F.2d 871, 873 (10th Cir.1948); see generally J. Hodges & M. Whitten, *Harbrace College Handbook,* § 12d at 120 (7th ed. 1972), which states that restrictive clauses follow and limit the words they modify and are not set off by commas.

Applying these rules, the restrictive clause at issue in Section 30–31–34 is "for the purpose of sale." It is not separated by a comma from "or in any manner to facilitate transportation", which is the immediately preceding phrase. The clause restricts this phrase. But it does not restrict "to transport", which is set off by a comma and is more remote. The only way in which the restrictive clause could apply to the phrase "to transport" is if commas were to enclose the clause "for the purpose of sale." If so, then the restriction would apply to several antecedents which are themselves separated by a comma. *See St. Louis-San Francisco Railroad v. Bengal Lumber Co.,* 145 Okl. 124, 292 P. 52 (1930).

The other issues are moot, given the interpretation we have placed upon the statute.

For the reasons stated, we affirm the trial court in forfeiting the vehicle.

RIORDAN and STOWERS, JJ., concur.