**STATE of South Dakota, Plaintiff and Appellant,**

v.

**ONE 1983 BLACK TOYOTA PICKUP, VIN JT4RN48S6D0065995, Defendant and Appellee.**

No. 15597.

Supreme Court of South Dakota.

Argued Sept. 3, 1987.

Decided Nov. 18, 1987.

Janine Kern, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Michael E. Ridgway, Yankton, for defendant and appellee.

MILLER, Justice.

This is an appeal from an order dismissing a vehicle forfeiture proceeding. We reverse and remand.

FACTS

David Earl (Earl), the owner of the 1983 black Toyota pickup, was arrested for driving while under the influence of alcohol. At the time of his arrest, Earl possessed a small quantity of methamphetamine, a controlled substance. SDCL 34–20B–16. State commenced a civil forfeiture proceeding to obtain the vehicle. SDCL 34–20B–70. After a hearing, the trial court granted Earl's motion to dismiss State's complaint, holding that SDCL 34–20B–70(4) does not allow forfeiture of a vehicle which was merely transporting controlled substances for the private possession and consumption of the owner. We disagree.

ISSUE

Whether SDCL 34–20B–70 authorizes forfeiture of a conveyance when the drugs conveyed are for the personal possession and consumption of the owner of the defendant conveyance.

This court's first occasion to rule on the forfeiture statute (at that time, SDCL 39–17–129) was in the case of *State v. One 1972 Pontiac Grand Prix, 2–Door Hardtop,* 90 S.D. 455, 242 N.W.2d 660 (1976). SDCL 39–17–129 provided, in salient part:

The following shall be subject to forfeiture and no property right shall exist in them:

. . . .

(4) All conveyances including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of property described in (1) or (2), except as provided in § 39–17–130 and 39–17–131 . . . .

We held in the *One 1972 Pontiac Grand Prix* case that this statute did not permit the forfeiture of a vehicle transporting misdemeanor amounts of marijuana but only for transporting substances which would constitute a felony. Additionally, we held "that the Act requires something more than a mere showing that controlled substances were contained in the vehicle at the time it was stopped." *Id.* at 663. We stated that the vehicle could not be merely incidental to the possession of the marijuana but must have been used to "facilitate" the possession.

The forfeiture statute was later amended and codified at SDCL 34–20B–70(4), in 1977, to read, in part, as follows:

> All conveyances including aircraft, vehicles, or vessels, <u>which transport, possess or conceal,</u> or which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of *marijuana in excess of one ounce or any quantity of any other property described in subdivision (1) or (2) except as provided in §§ 34–20B–71 to 34–20B–73, inclusive....* (new language underlined)

Subsequently, in *State v. One 1972 Lincoln Continental,* 295 N.W.2d 343 (S.D. 1980), we had occasion to rule on the above-amended forfeiture statute. There, too, the owner of the vehicle was found to be in possession of a small amount of methamphetamine. The circuit court dismissed State's action and we affirmed, holding that the statute as amended did not encompass forfeiture of a conveyance based on a personal use or consumption of controlled substances found in a vehicle. We specifically stated:

> If the legislature had intended the act to include forfeiture based upon the personal possession and consumption of a controlled substance while in a conveyance, it would have specifically stated such intent. Rather, the legislature added 'which transport, possess or conceal,' *reinforcing our previous holding that the automobile must be used to facilitate in order to be in possession of the controlled substance.*

*Id.,* 295 N.W.2d at 345 (emphasis added). However, Justice Wollman dissented and stated that:

> The addition of the phrase 'which transport, possess or conceal' can only be interpreted as a legislative extension of the forfeiture doctrine to include those instances in which the conveyance transports a controlled substance irrespective of any showing that the conveyance is specifically being used to transport or to facilitate the transportation of the controlled substance.

*Id.*

In 1985, the legislature again amended the statute, adding an additional phrase to SDCL 34–20B–70(4). This phrase provides that:

> This subdivision includes those instances in which a conveyance transports, possesses or conceals marijuana or a controlled substance as described herein without the necessity of showing that the conveyance is specifically being used to transport, possess or conceal or facilitate the transportation, possession or concealment of marijuana or a controlled substance in aid of any other offense....

The additional language of the 1985 amended statute directly parallels Justice Wollman's interpretation in *One 1972 Lincoln Continental.* The plain language of the amended statute dictates that there is no longer a requirement to show that the conveyance is being used to "facilitate" the possession of the illegal substance. The additional wording directly negates this court's prior interpreting language in *One 1972 Lincoln Continental* that the words " 'transport, possess or conceal,' reinforc[e] our previous holding that the automobile must be used to facilitate in order to be in possession of the controlled substance." It is the duty of this court to carry out the intent of our legislature. *State v. Byrd,* 398 N.W.2d 747 (S.D.1986); *Petition of Famous Brands, Inc.,* 347 N.W.2d 882 (S.D. 1984); *In re Dwyer,* 49 S.D. 350, 207 N.W. 210, 212 (1926). We can no longer find an intent to disallow forfeiture of a conveyance when the drugs conveyed are for the personal possession and consumption of the owner of the defendant vehicle.

In addition, a disjunctive reading of the terms of SDCL 34–20B–70 makes the applicability of this present statute to instances of personal use and consumption readily apparent. To-wit:

> The following are subject to forfeiture and no property right exists in them:
>
> ....
>
> (4) All conveyances including ... vehicles ... which transport, possess or

conceal (marijuana in excess of one-half pound or) *any quantity of any other property* described in subsection (1) or (2).

The conveyance here possessed traces of methamphetamine (which is "any quantity of any other property" described in the statute.)

The defendant claims that the intent of the statute is to foster effective law enforcement against those trafficking drugs and should not apply in situations where there is no showing that the possession of controlled substance "was for anything other than personal use." *Citing State v. One 1972 Pontiac Grand Prix, supra,* and *State v. One 1971 Lincoln Continental, supra.*\* However, we conclude that by the 1977 and 1985 amendments the legislative intent has now been clarified and thus a different interpretation must be given. 1A Sutherland, Statutory Construction, § 22.30, at 265 (C. Sands, 4th ed. 1985). *See generally State v. Heisinger,* 252 N.W. 2d 899 (S.D.1977). Furthermore, the 1985 language itself provides that there is no longer any need to show the conveyance is being used to "facilitate" the possession of the illegal substance. There is no need to show that the owner of the conveyance has used the conveyance to peddle or traffic in the drug trade or to aid in the commission of "any other offense." It is only necessary to show that the conveyance transported, possessed or concealed a forbidden quantity of a prohibited substance.

Earl used his 1983 Toyota Pickup to transport, possess and conceal methamphetamine. Possession, transportation or concealment of any amount of methamphetamine subjects the vehicle to forfeiture under SDCL 34–20B–70 and thus the trial court's decision granting defendant's motion to dismiss the forfeiture is reversed and remanded for further proceedings.

WUEST, C.J., and MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

Although I concur in the result of this decision, there is one statement in the majority opinion which I comment upon, that the former members of this Court, as it was then composed in *State v. One 1972 Lincoln Continental,* 295 N.W.2d 343 (S.D.1980), be favorably critiqued. The 1980 Court made a holding based upon a statute of this state which was then in effect. This 1987 Court is making a holding based upon a statute, pertaining to the same subject, which is different and far more powerful from the standpoint of forfeiture in favor of the State of South Dakota.

The author of this opinion states, *inter alia:* "However, we conclude that by the 1977 and 1985 amendments the legislative intent has now been clarified and thus a different interpretation must be given." Oh, that the 1980 composed Court had the wisdom to foresee what the Legislature would pass, by way of several significant alterations, in 1985.

And so time/history marches on. Vessels of the slave traders were seized and forfeited. Forfeit the bow, arrow, and quiver, which slew the stag, to the Crown. Confiscate the game. Possess marijuana weighing over one-half pound today, at

---

\* Defendant claims the sole purpose of the Uniform Controlled Substances Act, after which our statute is patterned, is to penalize drug pushers. However, the Federal Forfeiture Statute has been interpreted broadly by the circuits. *United States v. One 1976 Porsche,* 670 F.2d 810 (9th Cir.1979) (where conveyance forfeited for transporting .226 grams of marijuana in its trunk). The *One 1976 Porsche* court stated: "Although the legislative history suggests Congress was concerned with drug trafficking, this does not mean that other conduct was not intended to fall within the statute." *Id.* at 812 citing *United States v. One Clipper Bow Ketch Nisku,* 548 F.2d 8, 12 (1st Cir.1977). As SDCL 34–20B–70 and its amendments were patterned after the federal statute, it should be similarly construed. Finally, other states have allowed forfeiture for possession, transportation or concealment of an illegal substance within a conveyance. *State v. Connelly,* 194 Conn. 594, 483 A.2d 1085 (1984); *Commonwealth v. One 1979 Lincoln Four–Door Sedan,* 344 Pa.Super. 171, 496 A.2d 397 (1985); *In re Forfeiture of 1982 Ford Bronco,* 100 N.M. 577, 673 P.2d 1310 (1983).

least in this state, in a $10,000 vehicle, though you are a user and not a pusher, and the offender forfeits the vehicle to the state.* Our state Legislature has made it so ... in 1985. Apparently, the vehicle, like the vessel or bow/arrow/quiver, is the offending object.

One last thought: We should not concern ourselves with the federal statute nor federal decisions. In South Dakota, we have our own evolution of statutes, amendments to statutes, and decisions on this subject of forfeiture of "offending objects." Specifically, we must zero in on SDCL 34–20B–70.

Its origins are found in the Uniform Control Substances Act, approved by the National Conference of Commissioners on Uniform State Laws in 1970. Thereafter, one must follow the history of the statute in this state to try to perceive, from time to time, the intent of the Legislature, as the statute, in its present form, evolved.

---

* It is to be noted that the Legislature, in 1985, continued its prohibition against conveying *any* amount of the other illegal and controlled substances. One would glean that the Legislature attempted to mitigate the harshness of forfeiture for transporting, possessing, or conveying a relatively insignificant sum of marijuana.