UNITED STATES of America, Plaintiff,

v.

1985 BMW 635 CSI, VIN: WBAE8407F0611137, its tools and appurtenances, Defendant.

In re Henry Gordon HOERL, Claimant.

No. 87–0334 JGD.

United States District Court,
C.D. California.

Dec. 30, 1987.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., James R. Sullivan, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff.

James D. Riddet, Santa Ana, Cal., for claimant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DAVIES, District Judge.

On October 13, 1987, plaintiff and claimant filed a stipulation in which they agreed to both dispose of this case by motion for summary judgment and admit the truth of certain facts in this case. Claimant further agreed to assert only two defenses to forfeiture in response to the summary judgment motion: first, that the Court has discretion to impose a monetary penalty in lieu of forfeiture and second, that forfeiture of the vehicle would violate the Eighth Amendment's ban on cruel and unusual punishment.

The Court, having considered the papers filed by the parties and after hearing oral argument, hereby grants plaintiff's motion for summary judgment for the following reasons.

■ Claimant admits to transporting 6.23 grams of cocaine and 2.78 grams of concentrated cannabis in the defendant vehicle. Under 21 U.S.C. § 881(a)(4), "all conveyances, including ... vehicles ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances "shall be subject to forfeiture." The law provides that the burden of proof is on the claimant provided that the government first demonstrates that probable cause existed to believe that the vehicle was illegally used to transport controlled substances. *United States v. One Twin Engine Beech Airplane*, 533 F.2d 1106, 1007 (9th Cir. 1976). In the stipulation, claimant admits that plaintiff had probable cause to believe that defendant vehicle was being used to transport controlled substances within the meaning of 21 U.S.C. § 881. Thus, the burden of proof falls upon the claimant. This shifting of the burden of proof does not violate any Constitutional provision. *United States v. One 1970 Pontiac*, 529 F.2d 65, 66 (9th Cir.1976).

■ Claimant first argues that this Court should impose a monetary penalty in lieu of forfeiture due to the small amounts of drugs involved and the high value of the automobile, which claimant asserts is worth approximately $35,000. However, the Court finds no statutory authority for imposing a monetary penalty in lieu of forfeiture and claimant has not cited any case law finding such statutory authority to exist. Moreover, the fact that only a small amount of controlled substances were seized does not prevent the vehicle from being forfeited. In *United States v. One 1976 Porsche*, 670 F.2d 810 (9th Cir. 1979), the Court upheld the forfeiture of an expensive vehicle which was transporting only 0.226 grams of marijuana. "The

'sweeping statutory language' requires forfeiture where any contraband has been physically present in the conveyance.... The courts have uniformly held that a vehicle is subject to forfeiture no matter how small the quantity of contraband found." *Id.* at 812. In this case, claimant has neither informed the Court as to the value of the seized substances nor presented any evidence as to the value of the defendant vehicle. Nevertheless, even if this Court had discretion to either deny forfeiture or to impose a monetary penalty in lieu of forfeiture, the Court would decline to so act. One of the main purposes of this statute is to eliminate the instrumentalities of drug trafficking. *United States v. $2,500,000 in U.S. Currency*, 689 F.2d 10, 13 (2d Cir.1982). Imposing a monetary penalty would simply eviscerate this legitimate basis for enacting the provision and plaintiff has failed to offer any legitimate basis for following such a course of action. Thus, the Court refuses to exercise any discretion it might have under the statute.

The second argument advanced by claimant is that imposing forfeiture in this case would violate the Eighth Amendment's ban on "cruel and unusual" punishment. However, since this statute provides for a forfeiting proceeding that is "civil and remedial" as opposed to "criminal and punitive," an Eighth Amendment analysis is not required. The Supreme Court has enunciated a two-part test to determine whether a forfeiture statute should be characterized as civil or criminal. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). The first part requires a determination as to whether Congress intended the forfeiture proceeding to be "civil and remedial" or "criminal and punitive." *Id.* at 362, 104 S.Ct. at 1105. Historically, forfeitures actions have been regarded as civil. *$2,500,000 in U.S. currency*, 689 F.2d at 14, citing, *United States v. Regan*, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494 (1914). Congress clearly intended to enact a civil forfeiture law when it approved 21 U.S.C. § 881. The provision was part of the section entitled "Administrative and Enforcement Provisions," as opposed to the section entitled "Offenses and Penalties." 689 F.2d at 13. Moreover, the statute expressly adopts the civil *in rem* procedures of the Customs Laws. "[A]ctions *in rem* have traditionally been viewed as civil proceedings...." *One Assortment of 89 Firearms*, 465 U.S. at 363, 104 S.Ct. at 1105. In fact, in *One 1970 Pontiac*, the Ninth Circuit found § 881 to be "predominantly civil." 529 F.2d at 66. Therefore, the Court finds that § 881 was intended by Congress to be civil in nature.

Turning to the second part of the Supreme Court's test, the Court must determine "whether the statutory scheme was so punitive either in purpose or effect as to negate [Congress'] intention." *One Assortment of 89 Firearms*, 465 U.S. at 362–63, 104 S.Ct. at 1104–1105. " 'Only the clearest proof' that the purpose and effect of the forfeiture are punitive will suffice to override Congress' manifest preference for a civil sanction." *Id.* at 365, 104 S.Ct. at 1106. In *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963), the Court suggested seven factors to consider in undertaking this analysis. They are whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned. After considering these factors, the Court finds that the statute is not "so punitive" as to override Congress' intent. As discussed above, the statute has the important remedial effect of inhibiting drug trafficking. The mere fact that claimant is subject to both criminal and civil sanction is not a sufficient basis for denying forfeiture. *One Assortment of 89 Firearms*, 465 U.S. at 365, 104 S.Ct. at 1106.

Therefore, the Court finds that the statute is civil in nature and that an Eighth Amendment analysis is unnecessary.

However, even if claimant's Eighth Amendment arguments are appropriate, there is no basis under the Eighth Amendment for denying forfeiture. The applicable Eighth Amendment test enunciated by the Ninth Circuit is whether "the interest ordered forfeited is ... grossly disproportionate to the offense committed...." *United States v. Busher*, 817 F.2d 1409, 1415 (9th Cir.1987). The Court finds that forfeiting a $35,000 automobile which is used to transport 6.23 grams of cocaine and 2.78 grams of concentrated cannabis is not "grossly disproportionate to the offense committed." *See One 1976 Porsche*, 670 F.2d at 812. It can hardly be said that such a forfeiture amounts to either "cruel" or "unusual" punishment.

Accordingly, it is ORDERED that plaintiff's motion for summary judgment shall be and is hereby granted.