ONE 1977 PORSCHE 911S AUTOMOBILE ID NO. 9117212717, LICENSE NO. NEVADA DI-1, ITS TOOLS AND APPURTENANCES, Appellant, v. THE COUNTY OF WASHOE, STATE OF NEVADA, EX REL. WASHOE COUNTY SHERIFF'S DEPARTMENT CONSOLIDATED NARCOTICS UNIT, Respondent.

No. 14663

March 30, 1984                    678 P.2d 1150

*Fred Hill Atcheson,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Daniel Wong,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of forfeiture of a vehicle. The vehicle was apparently used a number of times by its owner to travel to and from the location at which he purchased a controlled substance for his own use. On some occasions, the vehicle owner apparently used the controlled substance at the site of purchase, but he often took with him an amount of the controlled substance, for later use, when he drove away in the vehicle. Respondent does not contend that the vehicle owner was a seller or distributor of controlled substances. The owner's only involvement here was his purchasing of a controlled substance for his own personal use. We hold that because the vehicle was used only in conjunction with the

owner's possession of a controlled substance, rather than for the purpose of sale, forfeiture of the vehicle under NRS 453.301(5) was improper.

Under NRS 453.301(5), the following are subject to forfeiture:

> All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale, possession for sale or receipt of property described in subsections 1 or 2 [i.e., controlled substances and their associated raw materials, products and equipment]. . . .[1]

The owner of the forfeited vehicle contends that NRS 453.301(5) does not apply to vehicles used in crimes of mere possession. He asserts that the word "receipt" in that provision means receiving for the purpose of sale, not receiving for the purpose of mere possession. The state contends that "receipt" includes mere possession.

An analysis of both parties' arguments and of NRS 453.301(5) indicates that the statute is ambiguous on the question of whether it applies to mere possession. Because forfeitures are viewed with disfavor in the law, we are compelled to construe such ambiguity against the state.[2] *See* One 1978 Chev. v. County of Churchill, 97 Nev. 510, 634 P.2d 1208 (1981); Reeder v. State, 314 So.2d 853 (Ala. 1975) (forfeiture statute held inapplicable to mere possession). If the applicability of NRS 453.301(5) should be broadened to include mere possession, the state's argument is more appropriately made to the legislature rather than to this court. *See* Sheriff v. Morris, 99 Nev. 109, 659 P.2d 852 (1983).

We reverse the judgment below and remand this case with instructions to vacate the forfeiture of the vehicle.

---

[1]NRS 453.301(5) was amended in 1983, after seizure of the vehicle. The amendment has no bearing on the issue in this appeal.

[2]We also note that under the wording of Nevada's former statutory scheme governing controlled substances, "possession" alone was clearly stated as a proper basis for forfeiture. *See* former NRS 453.030, 453.145(1) (repealed 1971). Such is not the case with the statute at issue here.