Willie Mitchell—Munchies Deli, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs April 2, 1984, to Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Samuel F. Pepper, Pepper, Winderman, Gordon, P.C.*, for appellant.

*Patrick M. McHugh*, Deputy Chief Counsel, with him, *Gary F. DiVito*, Chief Counsel, for appellee.

OPINION BY JUDGE ROGERS, May 10, 1984:

Willie Mitchell (licensee), the holder of a Retail Dispenser Eating Place and a Sunday Sales Permit has appealed from an order of the Court of Common Pleas of Philadelphia County denying his appeal from an order of the Pennsylvania Liquor Control Board (board) imposing a $200 fine.

The board issued a citation charging the licensee with violations of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §1-101, and rules and regulations of the board. The citation alleged that the licensed establishment operated by the licensee "is not a bona fide eating place in that food is not regularly and customarily prepared and sold, on or about March 13, April 19, 21, 1981. . . ."

Section 102 of the Code, 47 P.S. §1-102 defines an eating place as "a premise where food is regularly and customarily prepared and sold. . . ."

The licensee appealed and the court of common pleas held a hearing at which a board enforcement officer, the licensee and three of his patrons testified.

The officer stated that he visited the licensee's premises four times. On March 13, 1981, at approximately 8:00 p.m. he requested a steak hoagie sandwich but was told that there was no one there to make the sandwich. Later that evening he was again told that there was no one to make him any kind of sandwich. He visited the premises again on April 19, 1981 when he was told that they did not have sandwiches and on April 21, 1981 when he was told that there was no food available. The officer testified that he saw no patrons eating and no menu on any of his visits. The licensee testified that he did serve sandwiches but that when the officer visited on March 13, 1981 he had run out of rolls. The three patrons testified that they had known the licensee for several years and been served food on the premises.

The court stated that it "without hesitation chose to believe the testimony of Agent Good [the officer] that on the dates and times described, food was not available on the licensed premises." It held that "food was not regularly and customarily prepared and sold on the licensed premises, and that sufficient evidence was adduced to sustain the Board's finding that the licensed establishment operated by the licensee was not a 'bona fide eating place' as required by the Liquor Code."

The licensee argues that in order to prove noncompliance with Section 102 of the Code, the Liquor Control Board must show that food is neither regularly nor customarily prepared and sold, and that the officer's testimony supports only a finding that food was not regularly prepared and sold on the licensee's premises. The licensee miscontrues Section 102. It requires the licensee to prepare and sell food both regularly and customarily. Therefore evidence showing that food either was not regularly or not custom-

arily prepared and sold is sufficient to support the conclusion that a premises is not an eating place. The evidence here was that food was not regularly served; but it also supports inference, which the court seems to have made, that it was also not customarily served.

The licensee also argues that the court erred by not applying Section 312 of the Crimes Code, 18 Pa. C. S. §312, which provides that:

> The court shall dismiss a prosecution if having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:
>
> (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>
> (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

A Liquor Code citation proceeding is a civil case and therefore Section 312, concerning dismissals of criminal prosecutions, has no application.

Order affirmed.

### Order

And Now, this 10th day of May, 1984, the order of the Court of Common Pleas of Philadelphia County dated May 24, 1982 is hereby affirmed.