## Commonwealth v. Sims

*Albert Amoroso, assistant district attorney,* for the commonwealth.

*Edward Savasito,* for defendant.

*Howard Stine, assistant public defender,* for additional defendant.

LABRUM, *J.,* February 25, 1986—Defendants, Paul Sims and John Schwakoff, were arrested and charged with violating sections of the Pennsylvania Liquor Code, 47 P.S. §4-493 (1),(14), pertaining to the alleged sale of liquor to minors and allowing mi-

nors to frequent a premises known as Patio Paul's Bar, in the Borough of Clifton Heights, Delaware County, Pa. Defendants are the shareholders and officers of Wacky Corp., which is the owner of bar in question. It was admitted by the Commonwealth at the trial of this matter that the Wacky Corp. was the licensee and that defendants were not present on the premises at the time of the alleged violations. The court dismissed the charges against defendants under the de minimus section of the Criminal Code, 18 Pa. C.S. §312, and the Commonwealth appealed.

The court is aware of the decision of the Commonwealth Court in *Mitchell v. Com., Pa. Liquor Control Board,* 82 Pa. Commw. 344, 476 A.2d 479 (1984), wherein the court stated that the de minimum section of the Criminal Code had no application to a Liquor Code citation proceeding. The court's rationale in that case followed the fact that a Liquor Code citation proceeding is a civil case and therefore sections of the Crimes Code have no application in such a proceeding.

In the case before this court, the Commonwealth obviously considered the prosecution against defendants as a criminal prosecution because the case was in fact being prosecuted by the District Attorney of Delaware County. Therefore, the court in this case could appropriately apply section 312 of the Crimes Code. In fact, a trial court is required to dismiss a prosecution on its own accord upon a determination that a defendant's conduct involves de minimus infractions. *Commonwealth v. Gemelli,* 326 Pa. Super 388, 474 A.2d 294 (1984). With the Commonwealth having admitted that the corporation was the licensee in this matter and that the individual defendants were not on the premises at the time of the alleged infractions, the court determined that any infractions alleged against the individual

defendants were in fact de minimus and thus dismissed charges under section 312.