578 A.2d 90

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**ONE 1983 TOYOTA COROLLA Seized from John CARDAMONE, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1990.

Decided Aug. 1, 1990.

George S. Leone, Asst. Dist. Atty., with him, Ronald Eisenberg, Chief, Appeals Unit, Gaele McLaughlin Barthold, Deputy Dist. Atty., William G. Chadwick, Jr., First Asst. Dist. Atty., and Ronald D. Castille, Dist. Atty., for appellant.

A. Charles Peruto, Jr., for appellee.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The Commonwealth of Pennsylvania appeals an order entered by the Court of Common Pleas of Philadelphia County denying its petition for forfeiture and granting John Cardamone's (Defendant) petition for return of property. The issues presented on appeal are whether the trial court misapplied Section 6801 of the Controlled Substances Forfeitures Act (Act), 42 Pa.C.S. § 6801 and whether it erroneously relied upon the de minimis provisions contained in Section 312 of the Crimes Code, 18 Pa.C.S. § 312. The trial

court order is reversed and this matter is remanded for further proceedings.

On September 17, 1988, the Philadelphia police observed Defendant as he drove his 1973 Toyota up to an unidentified man on the street, handed money to him and received in exchange a plastic bag containing a green weed. The Defendant was stopped shortly after he drove away at which point a search of his person revealed a ziplock packet containing .85 grams of marijuana and a plastic packet containing 398 milligrams of cocaine. Defendant was charged with two counts of possession of controlled substances and was subsequently admitted to the Accelerated Rehabilitative Disposition Program.

The Commonwealth filed a petition for forfeiture of the Toyota pursuant to Section 6801 of the Act, in response to which Defendant filed a petition for return of the property. Following a hearing, the trial court ordered that the car be returned to Defendant on the premise that it would be "unfair" to forfeit the car because Defendant had originally been stopped for the purchase of marijuana and also because of the limited amount of cocaine recovered.

Section 6801(a)(4) of the Act requires forfeiture of a conveyance, including aircraft, vehicle and vessel, used in any manner to facilitate the transportation, sale, receipt, possession or concealment of controlled substances. There are four exceptions to this requirement, one of which provides that there shall be no forfeiture of a conveyance for violation of Section 13(a)(31) of The Controlled Substance, Drug, Device and Cosmetic Act [1] which prohibits the possession of a small amount of marijuana (thirty grams or less) for personal use. Although the trial court noted that the Commonwealth's petition for forfeiture was not based upon the marijuana Defendant was transporting, it nonetheless based its decision upon the fact that the police initially stopped Defendant for a marijuana charge and not for possession of cocaine.

1. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113(a)(31).

■ The fact that the cocaine was only discovered incident to the stop and arrest for possession of marijuana has no bearing on the operation of the Act which allows forfeiture not only if the conveyance is used to facilitate the sale or receipt of a controlled substance, but also if the conveyance is used to transport or in any manner to facilitate the transportation, possession or concealment of a controlled substance. *See Kulbitsky Appeal,* 112 Pa.Commonwealth Ct. 477, 536 A.2d 458 (1988), *appeal denied,* 520 Pa. 599, 552 A.2d 253 (1988), which found that drug money discovered in offender's automobile as a result of search following traffic accident was forfeitable. *See also Commonwealth v. One 1979 Lincoln Four Door Sedan,* 344 Pa.Superior Ct. 171, 496 A.2d 397 (1985), *appeal denied,* 513 Pa. 634, 520 A.2d 1384 (1987), which approved forfeiture of a vehicle used to transport food to persons manufacturing controlled substances because use of the vehicle facilitated possession and concealment of the drugs. The court rejected the argument that the relationship between the food transported and the controlled substances was only incidental.

The Commonwealth correctly argues that it was inappropriate for the trial court to apply the de minimis statute to this case. Section 312(a) of the Crimes Code provides:

(a) General Rule.—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

■ In *Commonwealth v. One 1988 Ford Coupe*, 393 Pa.Superior Ct. 320, 330, n. 9, 574 A.2d 631, 636, n. 9 (1990), the Superior Court stated that "[f]orfeiture proceedings in Pennsylvania, while quasi-criminal in nature, are civil in form." Moreover, this Court has previously found that the de minimis statute has no applicability to a civil action. *Mitchell v. Pennsylvania Liquor Control Board*, 82 Pa. Commonwealth Ct. 344, 476 A.2d 479 (1984). Inasmuch as the Legislature does not require the Commonwealth to prove possession of any minimum amount of cocaine to sustain a prosecution, this Court finds that the de minimis statute has no application to a forfeiture proceeding involving possession of any amount of cocaine, no matter how small.

Accordingly, the order of the trial court is reversed and this matter is remanded to the trial court for entry of an appropriate order to effect forfeiture of the Defendant's property as mandated by the record.

### ORDER

AND NOW, this 1st day of August, 1990, the order of the Court of Common Pleas of Philadelphia County is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

COLINS, J., dissents.