857 P.2d 44

STATE of New Mexico ex rel. The DE-PARTMENT OF PUBLIC SAFETY, STATE POLICE DIVISION, Plaintiff–Appellant,

v.

ONE 1990 CHEVROLET PICKUP, MODEL Z–71, FOUR WHEEL DRIVE, WHITE, BEARING TEXAS LICENSE NO. 3003VR, VIN: 1GCDK14K6LZ204458, Defendant–Appellee. (Two Cases).

In the Matter of the FORFEITURE OF ONE 1990 FORD RANGER PICKUP, VIN: 1FTCR10AXLUA86836, WHITE IN COLOR, LICENSE NO. 347 BMC.

CITY OF DEMING, New Mexico,
a Municipal Corporation,
Plaintiff–Appellee,

v.

Thomas ORTEGA, Defendant–Appellant.

Nos. 13,728, 13,731, 14,242.

Court of Appeals of New Mexico.

June 1, 1993.

Certiorari Denied July 16, 1993.

Tom Udall, Atty. Gen., John W. Wheeler, Sp. Asst. Atty. Gen., Santa Fe, Michael E.

Vigil, Marchiondo & Vigil, P.A., Albuquerque, for plaintiff-appellant.

Temple B. Ingram, El Paso, for defendant-appellee.

Robert C. Floyd, Deming, for plaintiff-appellee in No. 13,731.

H.R. Quintero, Robinson & Quintero, P.C., Silver City, for defendant-appellant in No. 13,731.

William H. Carpenter, Michael B. Browde, Albuquerque, amicus curiae New Mexico Trial Lawyers Ass'n in No. 13,731.

Charles W. Daniels, Albuquerque, amicus curiae New Mexico Criminal Defense Lawyers Ass'n in No. 13,731.

## OPINION

CHAVEZ, Judge.

We have consolidated the above three cases because each raises the issue of whether NMSA 1978, Section 30–31–34(D) (Repl.Pamp.1989), provides for forfeiture of vehicles and other property when the owner of the property is in possession of a small amount of controlled substances designated solely for personal use. We hold that, in order for property to be forfeited under Section 30–31–34, possession of a controlled substance must be for the purpose of sale. We begin by discussing the facts and procedural posture of each case.

### Spencer Forfeiture

In two cases, the State appeals two orders, one granting Fernando Spencer's (Spencer) motion for summary judgment disallowing forfeiture, and one granting Spencer's motion allowing him to use the vehicle pending final decision on the State's appeal. Spencer was stopped at a border patrol checkpoint in Las Cruces, New Mexico, on February 24, 1991. Spencer appeared nervous and confused when the border patrol agent asked him for a driver's license and vehicle registration. Spencer told the agent that he was headed for El Paso, even though he was travelling west on Interstate 10. The officer asked Spencer to proceed to a secondary inspection

area so that the officer could inquire further about ownership of the Chevrolet Truck. Spencer eventually went into the checkpoint trailer where the border patrol agent asked him to empty his pockets because his pockets had "noticeable bulges." Another agent noticed that white flakes and powder came out of Spencer's pockets when he emptied them. The powder tested positive for cocaine, and a further search of Spencer's person revealed a plastic bag in his right front pocket that contained a substance that tested positive for cocaine. Spencer's truck was searched and more cocaine powder was discovered. The total weight of cocaine discovered on Spencer's person and in his truck was approximately two grams.

The State commenced forfeiture proceedings against the truck on February 26, 1992, two days after the arrest. Spencer was indicted for possession of cocaine with the intent to distribute, but pled guilty to possession of cocaine, a fourth degree felony. The parties agree the truck was not used to transport the cocaine for purpose of sale. The trial court granted summary judgment in favor of Spencer.

On November 25, 1991, Spencer filed a motion to transfer possession of the vehicle to him pending final disposition of the forfeiture proceedings. After the trial court entered its findings and conclusions and judgment on February 10, 1992, the parties filed supplemental memoranda concerning Spencer's motion. On August 20, 1992, the trial court entered an order requiring the State to transfer possession of the truck to Spencer. The trial court ordered that Spencer was required to deposit the certificate of title to the vehicle and proof of insurance with the court prior to the State's release of the vehicle.

Ortega Forfeiture

On July 20, 1991, Thomas Ortega (Ortega) was arrested in Luna County for driving while intoxicated. An inventory search of Ortega's possessions was conducted pursuant to his arrest. The officers conducting the search discovered a folded $100 bill in Ortega's wallet. When the officers unfolded the bill, a very small amount of cocaine was found. The City of Deming (City) instituted forfeiture proceedings against Ortega's truck on August 2, 1991. The parties stipulated that the cocaine found was for Ortega's personal use. The trial court denied Ortega's motion to dismiss and ordered that the truck be forfeited. Ortega appealed the trial court's order. The trial court stayed the order of forfeiture pending final resolution of Ortega's appeal. The New Mexico Trial Lawyers Association and the New Mexico Criminal Defense Lawyers Association filed amicus briefs with this Court on Ortega's behalf.

ISSUES

The State raises nine issues in the Chevrolet Truck cases, which may be summarized as follows: (1) whether the trial court erred in interpreting Section 30–31–34(D) as requiring a vehicle to be transporting drugs "for the purpose of sale" in order to be forfeited; and (2) whether the trial court properly granted Spencer's motion to transfer possession of the vehicle. Ortega raises the following issues in his appeal: (1) whether Section 30–31–34(D) precludes forfeiture of his vehicle because the small amount of cocaine he possessed was for personal use; and (2) whether Section 30–31–34(D) is unconstitutionally vague as applied. In the Chevrolet Truck cases, we affirm the trial court's order denying forfeiture, and we do not reach the issues concerning the trial court's order granting Spencer's motion to transfer possession of the vehicle. In the Ortega appeal, we reverse the trial court's order of forfeiture.

Interpretation of Section 30–31–34(D)

The current version of Section 30–31–34(D) subjects the following property to forfeiture: "... all conveyances, including aircraft, vehicles or vessels, which are used or intended for use to transport or in any manner to facilitate the transportation for the purpose of sale of property described in Subsection A or B of this section...." The parties and amici argue a range of positions about how the phrase "for the

purpose of sale" should be interpreted as a modifying or limiting phrase.

The parties' difference of opinion begins with two New Mexico cases, *In re Forfeiture of One 1982 Ford Bronco (State v. Stevens)*, 100 N.M. 577, 673 P.2d 1310 (1983) and *State v. Barela*, 93 N.M. 700, 604 P.2d 838 (Ct.App.1979), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980), which the *Stevens* Court expressly overruled. In *Stevens*, the Supreme Court interpreted an earlier version of Section 30–31–34(D) as allowing forfeiture when a vehicle is used to transport an illegal substance, regardless of whether the transportation was for the purpose of sale. In *Barela*, decided three years before *Stevens*, this Court held that the provision did not apply in cases where transportation of the controlled substance was not for the purpose of sale. The Supreme Court in *Stevens* interpreted Section 30–31–34(D) as allowing forfeiture any time an illegal substance is transported by a vehicle, and, as a result, overruled *Barela*. As all parties in the present cases point out, the *Stevens* Court interpreted an earlier version of the statute that is no longer in effect. In fact, at the time *Stevens* was decided in December 1983, the earlier version of the statute had been ineffective for two years, having been amended in 1981. This earlier version of Section 30–31–34(D) read as follows: "... all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation for the purpose of sale of property described in Subsections A or B."

The 1981 amendment to Section 30–31–34(D) removed three commas: one between the words "used" and "or," one between the words "use" and "to," and one between the words "transport" and "or." The City and the State both argue that the legislative amendment resulting in the removal of the commas does not matter, that *Stevens* is still good law, and that the phrase "for the purpose of sale" modifies only the phrase directly before it; i.e., "in any manner to facilitate the transportation." Interpreting the statute in this manner would result in forfeiture of property any time an individual "transports" a controlled substance in a vehicle, regardless of the amount or whether the drugs were for personal use, as long as the government entity shows that a controlled substance was being transported. The *Stevens* Court made such a determination, and in doing so, the Court relied heavily on the placement of the commas in the earlier version of the statute. The *Stevens* Court also relied heavily on the "last antecedent rule." Specifically, the Court stated that a statute must be read to make "grammatical sense," that a comma must not be placed between the restrictive clause and that which it restricts, and that a restrictive clause only applies to the words or the phrase immediately preceding it. Applying these rules, the *Stevens* Court determined that "for the purpose of sale" only modified the phrase "in any manner to facilitate the transportation." Finally, the Supreme Court stated that the only manner in which the restrictive clause could apply to the phrase "to transport" would be to enclose the clause "for the purpose of sale" by commas.

In the present appeals, the trial court in the Chevrolet cases determined that because the Supreme Court relied heavily on commas that no longer exist, *Stevens* cannot be relied upon for the proposition that a vehicle merely transporting controlled substances, whether or not the substances are intended for sale, may be forfeited. In contrast, the trial court in the Ortega case determined that *Stevens* is still applicable, and that since the legislature has not followed the Supreme Court's directive about how it should draft a modifying phrase, the trial court was required to interpret the current statute in the same manner as *Stevens*.

■■■■ "[T]he cardinal rule of statutory construction is to determine legislative intent." *D'Avignon v. Graham*, 113 N.M. 129, 131, 823 P.2d 929, 931 (Ct.App.1991). "[L]egislative intent is first sought by reference to the plain meaning found in the language used by the legislature. However, both this [C]ourt and the New Mexico Supreme Court have rejected formalistic

and mechanistic interpretation of statutory language." *Id.* The "last antecedent rule" utilized in *Stevens* and other cases is a valid method of statutory interpretation, *see, e.g., Hale v. Basin Motor Co.,* 110 N.M. 314, 795 P.2d 1006 (1990), however, the doctrine is merely a tool of statutory interpretation and is not an end to itself. *See* Norman J. Singer, 2A *Sutherland, Statutes and Statutory Construction* § 47.33 (5th Ed.1992). Instead, the last antecedent rule is merely an aid to interpretation, and is not inflexible and uniformly binding. *Id.* Where the context requires that a qualifying word or phrase apply to several preceding phrases, the qualifying word or phrase will not be restricted to its immediate antecedent. *Id.*

■ Applying a less technical version of the "last antecedent rule" to Section 30–31–34(D), we hold that the phrase "for the purpose of sale" modifies the following three clauses that are connected by the word "or": (1) conveyances which are used to transport controlled substances; (2) conveyances which are intended for use to transport controlled substances; or (3) conveyances which are used in any manner to facilitate the transportation of controlled substances. Thus, reading the section in its entirety, forfeiture is allowed only in those instances where an individual possesses a controlled substance for the purpose of selling it.

Our interpretation is further supported by examining the Uniform Controlled Substances Act (UCSA) and cases interpreting that Act. The New Mexico forfeiture statute was modeled after Section 505 of the UCSA. New Mexico's Section 30–31–34(D) and Section 505(a)(4) of the UCSA contain identical wording, except that New Mexico did not adopt the words "or receipt" contained in the Uniform Act. Section 505(a)(4) reads as follows: "all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property...." Unif. Controlled Substances Act, § 505(a)(4), 9 U.L.A., Part II, 834 (1988). The comment following Section 505 indicates that the purpose of the provision is to disrupt drug trafficking. Specifically, the comment states that in order to be effective, law enforcement must be able to confiscate the "vehicles and instrumentalities used by drug traffickers in committing violations under this Act." The comment further states that the confiscation is to deprive drug traffickers of "needed mobility," and to prevent use of vehicles and instrumentalities "in the commission of subsequent offenses involving transportation or concealment of controlled substances." Other jurisdictions that have adopted statutes similar to the UCSA have addressed the question of whether forfeiture is allowed when simple possession of drugs is involved. *See generally* Ana K. Ramares, Annotation, *Application of Forfeiture Provisions of Uniform Controlled Substances Act or Similar Statute Where Drugs Were Possessed for Personal Use,* 1 A.L.R.5th 375 (1992). None of the courts allowing forfeiture in cases where simple possession of drugs was involved relied on a technical grammatical analysis of a statute. Instead, in possession cases from other jurisdictions that allowed forfeiture, virtually every statute in question specifically provided for forfeiture when a controlled substance was simply possessed, or when the amount possessed constituted a felony. *See, e.g., State v. Crenshaw,* 548 So.2d 223 (Fla.1989) (statute provided that when felony contraband is possessed vehicle or other personal property where contraband is located is subject to forfeiture); *State v. One 1983 Black Toyota Pickup,* 415 N.W.2d 511 (S.D.1987) (legislature amended statute to specifically allow forfeiture when drugs are possessed solely for personal use); *Commonwealth v. One 1983 Toyota Corolla,* 134 Pa.Cmwlth. 325, 578 A.2d 90 (Ct. 1990) (statute requires forfeiture of vehicle when drugs are possessed). In contrast to those jurisdictions where statutes specifically provide for forfeiture when drugs are possessed for personal use, New Mexico's forfeiture law contains no such language. The statutory amendments discussed in cases such as *One 1983 Black Toyota* suggest that state legislatures made affirmative decisions to go beyond the UCSA and

include possession of controlled substances as one condition leading to forfeiture of vehicles or other property associated with drug possession. *See also, One 1977 Porsche 911S v. County of Washoe*, 100 Nev. 210, 678 P.2d 1150 (1984) (where forfeiture statute is ambiguous on whether it applies to mere possession, court construes ambiguity against state; if statute should be broadened to include mere possession, state's argument is more appropriately made to legislature). However, since New Mexico has not affirmatively adopted language indicating that simple possession is a condition leading to forfeiture, and since it appears that Section 30–31–34(D) provides for forfeiture only in those cases where controlled substances are possessed for the purpose of sale, we must construe any ambiguity in the statutory scheme against the State. *See State v. Ozarek*, 91 N.M. 275, 573 P.2d 209 (1978) (forfeiture statutes must be strictly construed against forfeiture). Thus, we hold that Section 30–31–34(D) permits forfeiture only when the controlled substances in question are possessed for the purpose of sale.

■ We reject the State's and the City's argument that the legislature specifically intended to allow forfeiture in all instances where a felony drug crime is involved because it also enacted NMSA 1978, Section 30–31–34(G)(3) (Repl.Pamp.1989), which disallows forfeiture in those instances where a misdemeanor crime occurs. We construe Sections 30–31–34(D) and 30–31–34(G)(3) together as providing for forfeiture in those trafficking and distribution cases where the crime involved constitutes a felony, and conclude that the purpose of Section 30–31–34(G)(3) is to exclude misdemeanor drug trafficking offenses. We make this interpretation because certain trafficking/distribution offenses contained within the Controlled Substances Act are punishable as misdemeanors. *See e.g.*, NMSA 1978, § 30–31–22(B)(2) (Repl.Pamp.1989) (possession with intent to distribute a counterfeit substance listed in Schedule V is a petty misdemeanor).

■ Insofar as the City suggests that the UCSA cannot be relied on for guidance, and that the comment accompanying the UCSA is of no assistance because New Mexico did not adopt the comment, we reject that argument. This Court has often looked to uniform acts and the commentaries explaining those acts for guidance in interpreting New Mexico law. Most recently, we relied on comments accompanying the Uniform Probate Code to determine the meaning of certain provisions of the New Mexico Probate Code. *See In re Newalla*, 114 N.M. 290, 837 P.2d 1373 (Ct.App. 1992). The City cites no authority prohibiting this Court from looking to uniform acts for guidance in interpreting the meaning of legislation, nor have we found any such authority.

Finally, insofar as the City and the State suggest that the principles of *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973), require that this Court be bound by the holding of *State v. Stevens*, we disagree. As we have stated, the statute interpreted in *Stevens* is no longer in effect; thus, *Stevens* is not controlling precedent and we are not required to follow its holding. *Alexander v. Delgado*.

In the Chevrolet Truck cases, we do not reach the issue of whether the trial court properly granted Spencer's motion to transfer possession of the vehicle pending appeal because the issue is moot in that Spencer will have possession of his vehicle when mandate issues from this appeal. *See generally Johnson v. Francke*, 105 N.M. 564, 734 P.2d 804 (Ct.App.1987) (appellate court will not decide moot issues). Similarly, we need not reach Ortega's issue of whether the forfeiture statute is unconstitutionally vague, given that we reverse the trial court's order of forfeiture.

The order of the Santa Fe County District Court denying forfeiture is affirmed. The order of the Luna County District Court granting forfeiture is reversed.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.