THE PEOPLE *ex rel.* EDWARD A. BURMILA, JR., State's Attorney of Will County, Plaintiff-Appellant, v. ONE 1983 OLDSMOBILE, VIN 1G3AR47A1DM533361, *et al.*, Defendant-Appellee.

Third District No. 3—92—0253

Opinion filed January 14, 1993.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

No brief filed for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The State appeals an order denying a forfeiture petition against a 1983 Oldsmobile. The sole issue concerns the applicability of the forfeiture statute to a vehicle owned by a minor that was used to transport burglary tools and to commit a burglary. We reverse.

No appellee's brief has been filed in response. However, since the record is simple and the issue is clear, we will address the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that the minor, James Wagner, admitted that he was the legal owner of the 1983 Oldsmobile, VIN 1G3AR47A1DM533361, and that he used it to commit a burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—1). He also admitted that he used the same vehicle to commit the offense of possession of burglary tools (Ill. Rev. Stat. 1991, ch. 38, par. 19—2). Finally, he admitted that the vehicle had been seized by the Plainfield police department.

At the forfeiture hearing, the minor argued that the vehicle could not be forfeited because he was a minor charged in a delinquency petition. He further argued that since the Juvenile Court Act contained the only sanctions that could be imposed on a juvenile (see Ill. Rev. Stat. 1991, ch. 37, par. 805—4), the forfeiture sanctions of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 36—1) were not applicable to him. The trial judge agreed with the minor and denied the State's petition.

The language of a statute must be given its plain and ordinary meaning. *People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221.

 Applying this rule of statutory construction in this case, it is clear that the forfeiture statute applies to juveniles. First, the plain language of the Juvenile Court Act only limits the criminal prosecution of juveniles. (Ill. Rev. Stat. 1991, ch. 37, par. 805—4.) No reference is made to limitations on civil proceedings against juveniles. Second, the plain language of the forfeiture act provides for forfeiture when a vehicle is

> "used with the knowledge and consent of the owner in the commission of, or in the attempt to commit as defined in Sec-

tion 8—4 of this Code, an offense prohibited by (a) Section ***
19—1, 19—2." Ill. Rev. Stat. 1991, ch. 38, par. 36—1.

Additionally, it is well settled that a forfeiture proceeding is a civil proceeding. (*People ex rel. Vandersnick v. One 1987 Dodge Charger* (1990), 193 Ill. App. 3d 547, 550 N.E.2d 271.) It is also well settled that a forfeiture proceeding is an *in rem* proceeding. (*People v. Dugan* (1985), 109 Ill. 2d 8, 485 N.E.2d 315.) Further, statutory forfeiture actions do not depend on a criminal conviction. The only issue is whether or not the forfeitable property was used in the commission of an offense. (*In re Twenty-Seven Thousand Four Hundred Forty Dollars* (1987), 164 Ill. App. 3d 44, 517 N.E.2d 704.) Finally, we will not reverse a trial judge's order regarding forfeiture unless the ruling is against the manifest weight of the evidence. *People v. One 1986 Ford Ranger Pickup Truck* (1991), 213 Ill. App. 3d 1085, 572 N.E.2d 1201.

■ Applying these principles in the instant case, we find that the trial judge erred in holding that the forfeiture statute does not apply to juveniles. Since the forfeiture proceeding is a civil *in rem* proceeding rather than a criminal proceeding, there is nothing in the juvenile code to prevent its application to the instant minor. Moreover, the plain language of the statute states that it applies to vehicles used with the owner's consent to commit burglary or possession of burglary tools. Lastly, the evidence is undisputed that the minor used the 1983 Oldsmobile to commit the aforementioned crimes. Therefore, we find that the trial judge's ruling is not in accord with the statute.

Based on the foregoing reasons, we reverse the judgment of the circuit court of Will County.

Reversed.

LYTTON and BARRY, JJ., concur.