1996 SD 111

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Steven Henry KIENAST, Defendant and Appellant.**

**No. 19319.**

Supreme Court of South Dakota.

Considered on Briefs May 24, 1996.

Decided Sept. 4, 1996.

Mark Barnett, Attorney General, John E. Haak and D. Mark Collins, Assistant Attorneys General, Sioux Falls, for plaintiff and appellee.

Hope Okerlund Matchan, Office of Public Defender for Minnehaha County, Sioux Falls, for defendant and appellant.

**PER CURIAM.**

[¶ 1] Steven Kienast (Kienast) appeals his drug-related convictions on the basis that his criminal convictions are barred by double jeopardy because he was previously subjected to a civil forfeiture action. We affirm.

**FACTS**

[¶ 2] Kienast was arrested on March 3, 1995, during an undercover drug buy conducted in Sioux Falls. When he was arrested, he was in possession of Valium, methamphetamine and $560 in cash. The drugs and money were confiscated.

[¶ 3] On March 6, 1995, the Office of the Attorney General commenced a civil forfeiture action against the $560 in American Currency pursuant to SDCL 34–20B–70.[1] On May 11, 1995, Kienast and the State entered into a written stipulation whereby

_____

1. SDCL 34–20B–70 is entitled "Property subject to forfeiture." It reads, in pertinent part:
The following are subject to forfeiture and no property right exists in them:
(1) All controlled drugs and substances and marijuana which have been manufactured, distributed, dispensed or acquired in violation of the provisions of this chapter or chapter 22–42;
  *   *   *   *   *   *
(6) Any funds or other things of value used for the purposes of unlawfully purchasing, attempting to purchase, distributing or attempting to distribute any controlled drug or substance or marijuana;
(7) Any assets, interest, profits, income and proceeds acquired or derived from the unlawful purchase, attempted purchase, distribution or attempted distribution of any controlled drug or substance or marijuana.

Kienast forfeited any interest he might have in the money. That same day, an Order for Disposition of Seized Property was entered by Circuit Court Judge William J. Srtska, directing the forfeiture of the cash.

[¶ 4] On March 3, 1995, a complaint was filed charging Kienast with possession of a controlled substance (two counts) and possession of a controlled substance with intent to distribute. On March 9, 1995, Kienast was indicted for those same crimes. After his agreement with the State in the civil forfeiture action, he sought to dismiss the pending criminal charges on the principles of double jeopardy. The trial court rejected his argument. Following a court trial before Circuit Court Judge Lee D. Anderson, Kienast was convicted on all three counts. He appeals.

## ISSUE

[¶ 5] **Does a civil forfeiture judgment followed by a criminal conviction violate principles of double jeopardy?**

[¶ 6] Kienast argues that his criminal conviction violates the state and federal constitutional protections against double jeopardy which prohibit multiple prosecutions or multiple punishments for the same offense.[2] He claims that the forfeiture of his property was a "punishment" which bars the subsequent criminal prosecution, conviction and punishment based on the same events.

[¶ 7] The civil forfeiture to which Kienast was subjected was exacted under our state forfeiture statute, SDCL 34–20B–70, which is based on the federal forfeiture statutes. See *State v. One 1983 Black Toyota Pickup*, 415 N.W.2d 511, 513 n. * (S.D. 1987). The United States Supreme Court has recently reviewed the federal civil forfeiture statutes in light of similar double jeopardy claims in *United States v. Ursery*, 518 U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). The decision in *Ursery* provides authoritative

guidance for a similar construction of our forfeiture statute.[3]

[¶ 8] In *Ursery*, the Court reviewed two cases, one in which police found marijuana growing in and adjacent to Ursery's house. *Id.* at —— ——, 116 S.Ct. at 2138–2139, 135 L.Ed.2d at 557. Civil forfeiture proceedings were instituted against the house based on its use to facilitate unlawful processing and distribution of a controlled substance, and Ursery ultimately paid $13,250 to settle the forfeiture claim in full. Ursery was then indicted and convicted for manufacturing marijuana.

[¶ 9] The other case consolidated for review in *Ursery* was *United States v. $405,089.23*. In that case, two men were convicted on drug and money laundering charges. *Id.* at ——, 116 S.Ct. at 2139, 135 L.Ed.2d at 557. A civil forfeiture action was brought by the government to obtain the cash proceeds of illegal drug transactions seized at the time of the arrests. A year after the men were convicted on the criminal charges, the government's motion for summary judgment in the civil forfeiture proceeding was granted. In each of these cases, "the Courts of Appeals held that civil forfeitures constituted 'punishment' making them subject to the prohibitions of the Double Jeopardy Clause." *Id.* at ——, 116 S.Ct. at 2140, 135 L.Ed.2d at 558.

[¶ 10] The Supreme Court flatly rejected the decisions of the Courts of Appeals, and held inapplicable to the issue of civil forfeiture the high court's recent decisions in *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) (double jeopardy challenge to tax), *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (excessive fines challenge to forfeiture), and *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (double jeopardy challenge to civil penalty). Rather, the *Ursery* decision held that in rem

---

2. U.S. Const.Amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."); S.D. Const. Art. VI § 9 ("No person shall ... be twice put in jeopardy for the same offense.").

3. We awaited the decision in *Ursery* prior to deciding this case. Although that decision had not been issued at the time this case was submitted, we did grant the State's motion to submit a supplemental brief with late authorities following the United States Supreme Court's decision on June 24, 1996.

forfeitures are not the equivalent of punishing an individual defendant, based on the earlier rulings in *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), and *Various Items of Personal Property v. United States,* 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558 (1931).

[¶ 11] The *Ursery* Court held:

> [I]t is absolutely clear that *in rem* civil forfeiture has not historically been regarded as punishment, as we have understood that term under the Double Jeopardy Clause. Second, there is no requirement in the statutes ... that the Government demonstrate *scienter* in order to establish that the property is subject to forfeiture; indeed, the property may be subject to forfeiture even if no party files a claim to it and the Government never shows any connection between the property and a particular person. Though both [21 USC] § 881(a) and [18 USC] § 981(a) contain an "innocent owner" exception, we do not think that such a provision, without more indication of an intent to punish, is relevant to the question whether a statute is punitive under the Double Jeopardy Clause. Third, though both statutes may fairly be said to serve the purpose of deterrence, we long have held that this purpose may serve civil as well as criminal goals. We recently reaffirmed this conclusion in *Bennis v. Michigan,* [516 U.S. ——, ——, 116 S.Ct. 994, 1000, 134 L.Ed.2d 68, 78 (1996),] where we held that "forfeiture ... serves a deterrent purpose distinct from any punitive purpose." Finally, though both statutes are tied to criminal activity, as was the case in *89 Firearms,* this fact is insufficient to render the statutes punitive. It is well settled that "Congress may impose both a criminal and a civil sanction in respect to the same act or omission." By itself, the fact that a forfeiture statute has some connection to a criminal violation is far from the "clearest

proof" necessary to show that a proceeding is criminal.

> We hold that these *in rem* civil forfeitures are neither "punishment" nor criminal for purposes of the Double Jeopardy Clause.

518 U.S. at ——, 116 S.Ct. at 2149, 135 L.Ed.2d at 570–71 (citations omitted). In reaching this conclusion, the Court specifically held that the statute requiring forfeiture of "proceeds" of illegal drug activity is remedial and not punitive in nature.

[¶ 12] The decision in *Ursery* compels us to reject Kienast's argument that the forfeiture of $560 prior to his conviction was a "punishment" barring further criminal prosecution under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Further, we are persuaded that the same analytical framework applies with equal force to Kienast's state claim. We adopt this analysis in this case both because the Double Jeopardy Clause of our state's constitution is based on the federal constitution's counterpart, and because our state's forfeiture statutes are based on the federal statutes at issue in *Ursery. See One 1983 Black Toyota Pickup,* 415 N.W.2d at 513 n. *. Kienast has made no argument that would warrant a different result under the state constitution than that reached by the United States Supreme Court under the federal constitution. Thus, we hold that in rem civil forfeitures under SDCL 34–20B–70 do not constitute punishment for purposes of our state constitution's Double Jeopardy Clause.

[¶ 13] Affirmed.

[¶ 14] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.