**In the Matter of PROPERTY SEIZED FROM Parker Vaughn TERRELL.**

**Parker Vaughn Terrell, Appellant.**

**No. 97–1245.**

Supreme Court of Iowa.

Jan. 24, 2002.

Maggi Moss of Parrish, Kruidenier, Moss, Dunn & Montgomery, Des Moines, and Christopher L. Hartley, Milwaukee, Wisconsin, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Jamie Bowers, Assistant County Attorney, for appellee.

LARSON, Justice.

Parker Terrell was adjudicated a delinquent in connection with his attempted burglary of stereo equipment from a parked car and possession of burglary tools. The State brought a separate action to forfeit the vehicle Terrell was using, and the district court ordered the forfeiture. Terrell appealed, and we now affirm.

## I. Facts and Prior Proceedings.

Following Terrell's arrest, the State filed a delinquency petition charging him with attempted third-degree burglary and possession of burglar's tools. The juvenile court adjudicated Terrell delinquent as to both charges, but that adjudication is not involved in this appeal. The State, in separate proceedings, sought forfeiture of the car Terrell was using, and the court granted the forfeiture under Iowa Code chapter 809A (1997). On Terrell's appeal, he claims this was error because (1) a juvenile delinquency adjudication cannot provide the basis for a forfeiture and (2) the value of his vehicle was so disproportionate to the severity of his conduct as to infringe his rights under the United States and Iowa Constitutions.[1]

## II. Juvenile Delinquency Adjudication as Basis for Forfeiture.

Under Iowa Code section 809A.3,

---

1. While Terrell contends the forfeiture violates the Iowa, as well as the United States Constitution, he makes no separate argument with regard to the Iowa Constitution, and we treat that issue in the same manner as his claim under the United States Constitution.

[t]he following conduct may give rise to forfeiture:

1. An act or omission which is a public offense and which is a serious or aggravated misdemeanor or felony.

Terrell argues that he was adjudicated a delinquent under Iowa Code chapter 232; he was not found guilty of a misdemeanor or felony under section 809A.3(1). The statute is therefore inapplicable on its face, according to him. He relies on Iowa Code section 232.55, which states a delinquency adjudication "shall not be deemed a conviction of a crime." The district court rejected this argument and ruled that chapter 809A applies to juvenile as well as adult conduct and does not require a conviction.

■ While Terrell contends his adjudication as a delinquent does not amount to a conviction, it is clear a conviction is not required in order to forfeit. *See* Iowa Code § 809A.12(14) ("An acquittal or dismissal in a criminal proceeding shall not preclude civil proceedings under this chapter."). Attempted third-degree burglary and possession of burglary's tools are both aggravated misdemeanors. *See* Iowa Code §§ 713.6B, 713.7. Therefore, Terrell's *acts* are sufficient bases for forfeiture, even though he was *processed* in a manner different from adult prosecutions because of his age. We believe it is the nature of the acts committed by the offender, not the forum (adult or juvenile court) in which the offender is prosecuted, that we look to under section 809A.3 to determine if forfeiture is authorized.

Other states have applied forfeiture statutes in juvenile cases. *See, e.g., People ex rel. Burmila v. One 1983 Oldsmobile,* 239 Ill.App.3d 1011, 180 Ill.Dec. 417, 607 N.E.2d 311, 313 (1993) (holding only issue is whether the forfeitable property was used in the commission of the offense; juvenile status not determinative). The Nevada Supreme Court observed:

We see no reason why juveniles need to be protected from this incidental adverse result. Our court system is more lenient with juveniles because they lack life experience, and because youth is a formative time that should not be spent paying for past crimes. However, the punitive result of forfeiture does not deprive the former owner of time or of life experience. Instead, it plainly teaches that crime does not pay.

*City of Sparks Police Dep't v. Nason,* 107 Nev. 202, 807 P.2d 1389, 1390 (1991).

For the reasons discussed, Terrell's conduct, even though it was prosecuted in juvenile court, was "an act or omission which is a public offense" covered by Iowa Code section 809A.3 and therefore a proper basis for forfeiture. Terrell does not challenge the nexus between the use of his vehicle and the commission of the offenses under Iowa Code section 809A.4(2)(a)(2) (property "[u]sed or intended to be used in any manner or part to facilitate conduct giving rise to forfeiture" may be forfeited). We reject Terrell's argument that the forfeiture statute is inapplicable on its face and proceed to the second issue: whether forfeiture may constitutionally be applied under these facts.

### III. *The Constitutional Arguments.*

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail should not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The United States Supreme Court has held that civil forfeiture statutes may violate the Excessive Fines Clause because, while such statutes are said to be remedial, they are also intended to deter and punish unlawful activity. *Austin v. United States,* 509 U.S. 602, 622, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488, 505–06 (1993).

The Court in *Austin* declined to establish a test for determining whether a forfeiture is constitutionally excessive, but the Eighth Circuit has developed a test that has been adopted by our court. *See In re Property Seized from Chiodo*, 555 N.W.2d 412, 416 (Iowa 1996). We said in that case:

Under the Eighth Circuit's test, the defendant must first make a prima facie showing of "gross disproportionality." [*United States v. Bieri*, 68 F.3d 232, 236 (8th Cir.1995) ] (citations omitted). To constitute a violation of the Eighth Amendment, such disproportionality must be so excessive that "in justice the punishment is more criminal than the crime." *Id.* (citations omitted). Disproportionality is assessed by examining several factors:

To determine whether the facts indicate gross disproportionality, the district court must consider multiple factors, including the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, and the value of the property forfeited....
"Other helpful inquiries might include an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability and, of course, the extent that the defendant's interest and the enterprise itself are tainted by criminal conduct."

*Id.* (citations omitted).

*Chiodo*, 555 N.W.2d at 416–17.

■ Our review of the constitutional issue is de novo, and we apply the test of *Chiodo* accordingly. The defendant has the burden of making a prima facie showing of gross disproportionality. *Bieri*, 68 F.3d at 236. In *Chiodo* we held that forfeiture of an $11,000 vehicle used in drug dealing was not shown to be an excessive fine. 555 N.W.2d at 416. We recognized that mathematical exactitude in the analysis is not required. *Id.*

Terrell notes that other states have held forfeiture of a car constitutes an excessive fine in cases of mere drug possession. *See In re Forfeiture of 1990 Chevrolet Blazer*, 684 So.2d 197, 199 (Fla.Dist.Ct.App.1996) (car in which owner had marijuana could not be forfeited if value of car double the maximum fine to which owner was subject); *One Charter Arms, Bulldog 44 Special v. State ex rel. Moore*, 721 So.2d 620, 625–26 (Miss.1998) (car in which an owner drove to purchase cocaine may not be forfeited when owner was caught with cocaine on his person but only sentenced to three years probation and fined $2500).

■ In his delinquency-disposition order, Terrell was required to pay $35.81 in restitution and was placed on probation. He contends that forfeiture of his vehicle, which he claims is worth between $8850 and $9050, is grossly disproportionate to the sanctions imposed. While Terrell compares the loss of his vehicle to the $35.81 restitution order, we believe the comparison in a disproportionality analysis must be made between the value of the property to be forfeited and the severity of the offense as viewed by the legislature, not the actual sanction imposed. In this case, if Terrell had been tried as an adult, each offense would carry a maximum of $5000 in fines or a total of $10,000. If Terrell's view were adopted, that the actual punitive sanction applied is the basis for the disproportionality analysis, a defendant who received only probation could not lose any property to forfeiture because any value attached to the property would be disproportionate to the criminal sanction. It would also be poor public policy because a prosecutor who has an eye toward possible forfeiture would naturally press for the imposition of the maximum punishment in order to make a forfeiture less subject to a

claim of disproportionality. Further, as a criminal conviction is not a prerequisite to a forfeiture action, in some cases there may not even be a sentence or other sanction to consider.

In this case, each offense carries a maximum of $5000 in fines or a total of $10,000, which exceeds Terrell's own valuation of his property. Terrell has therefore failed to establish a prima facie case that the loss of his property, when compared to the severity of the offenses, is grossly disproportionate under the *Chiodo* test. We therefore affirm.

**AFFIRMED.**