#23735-r-DG

**2006 SD 29**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                          Plaintiff and Appellant,

   v.

ONE 1995 SILVER JEEP GRAND
CHEROKEE, VIN # 1J4GZ78Y4SC548019
AND $497 IN AMERICAN CURRENCY,          Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE KATHLEEN K. CALDWELL
Judge

\* \* \* \*

LAWRENCE E. LONG
Attorney General

JEFFERY J. TRONVOLD
Assistant Attorney General                 Attorneys for plaintiff
Pierre, South Dakota                           and appellant.

JULIE A. HOFER                                   Attorney for defendant
Sioux Falls, South Dakota                     and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 9, 2006

OPINION FILED 3/29/06

#23735

GILBERTSON, Chief Justice

[¶1.] The State of South Dakota (State) appeals the circuit court's order determining forfeiture of one 1995 Silver Jeep Grand Cherokee, vin # 1J4GZ78Y4SC548019, was grossly disproportionate in violation of the Eighth Amendment of the United States Constitution and Article VI, Section 23 of the South Dakota Constitution. We reverse.

FACTS

[¶2.] On October 9, 2003, a complaint was filed by the State against the defendant vehicle for forfeiture pursuant to SDCL chapter 34-20B. The record owner of the vehicle was Adam Kroupa. The complaint alleged that:

> said vehicle transported, possessed, concealed, used or was intended for use, to transport or in any manner facilitate the transportation, sale, receipt, possession or concealment of certain controlled drugs or substances or marijuana or was used for or acquired or derived from the unlawful purchase, attempted purchase, distribution or attempted distribution of any controlled drug or substance or marijuana.

The parties entered into a stipulation of facts which was the basis for the circuit court's determination in this matter. Those stipulated facts provided in relevant part:

> Adam Kroupa, the Claimant in this matter, is the sole owner of the Defendant Vehicle[].
>
> On October 7, 2003, Adam Kroupa possessed methamphetamine.
>
> On or about October 7, 2003, Adam Kroupa placed the methamphetamine in the Defendant Vehicle.

-1-

Kroupa drove the Defendant Vehicle to 5801 West Christopher Place, in Sioux Falls, Minnehaha County, South Dakota, and transported the methamphetamine in the Defendant Vehicle.

Upon arrival at 5801 West Christopher Place, Adam Kroupa and Jennifer Collins rang the bell to apartment 302, where law enforcement officers were executing a search warrant for narcotics.

A subsequent search of apartment 302 revealed 6 tablets of methylene-dioxymethamphetamine, commonly called "ecstasy," a controlled substance, with a street value of approximately $150, as well as a coffee grinder with what appeared to the officers to be pseudoephedrine, a component in the manufacture of methamphetamine.

Adam Kroupa is on federal parole for possession with intent to distribute controlled substances, and therefore the officers asked whether he was required to submit to a search of his vehicle.

Trooper Koltz was called and his drug dog alerted and indicated the presence of the odor of illegal narcotics in the Defendant Vehicle.

Detective Mathews and Trooper Koltz searched the vehicle and found the methamphetamine Kroupa had placed within the Defendant Vehicle.

Kroupa admitted the methamphetamine belonged to him.

The Defendant Vehicle was seized at the scene.

The approximate retail value of the Defendant Vehicle is $7400.

According to the detectives, the approximate street value of the methamphetamine seized from the Defendant Vehicle is $50.

Kroupa was arrested at the scene for possession of a controlled substance, and eventually entered a plea of guilty in that criminal case to Ingesting a Substance, in violation of SDCL 22-42-15.

Based on these stipulated facts, Kroupa asserted that forfeiture of the vehicle was unconstitutionally disproportionate as an excessive fine in violation of the United States and South Dakota Constitutions. The circuit court agreed and dismissed the complaint. State appeals.

## STANDARD OF REVIEW

[¶3.] "[W]hen an asserted error implicates an infringement of a constitutional right, we employ a de novo standard of review." State v. Krahwinkel, 2002 SD 160, ¶ 13, 656 NW2d 451, 458 (citing State v. Dillon, 2001 SD 97, ¶ 12, 632 NW2d 37, 43). Thus, no deference is given to the circuit court's determination, and the decision is fully reviewable by this Court. Thieman v. Bohman, 2002 SD 52, ¶ 10, 645 NW2d 260, 262.

## ANALYSIS

## ISSUE

[¶4.] **Whether the circuit court erred in determining forfeiture was grossly disproportionate in violation of the United States and South Dakota Constitutions.**

[¶5.] This civil forfeiture action was predicated upon SDCL 34-20B-70, which is based on the federal forfeiture statutes. That statute provides:

> The following are subject to forfeiture and no property right exists in them:
>
> * * *
>
> (4)     All conveyances including aircraft, vehicles, or vessels, which transport, possess or conceal, or which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of marijuana in excess of one-half pound or any quantity of any other property described in subdivision (1) or (2), except as provided in §§ 34-20B-71 to 34-20B-73, inclusive. This subdivision includes those

> instances in which a conveyance transports, possesses or conceals marijuana or a controlled substance as described herein without the necessity of showing that the conveyance is specifically being used to transport, possess or conceal or facilitate the transportation, possession or concealment of marijuana or a controlled substance in aid of any other offense[.]

SDCL 34-20B-70. This Court has held that "[p]ossession, transportation or concealment of any amount of methamphetamine subjects the vehicle to forfeiture under SDCL 34-20B-70." State v. One 1983 Black Toyota Pickup, 415 NW2d 511, 513 (SD 1987). Moreover, forfeiture is not dependent upon a criminal conviction related to the substance. State v. One 1966 Pontiac Auto., Etc., 270 NW2d 362, 364 (SD 1978). Forfeiture proceedings are civil actions against the property seized, and the standard of proof is preponderance of the evidence. SDCL 34-20B-80.

[¶6.] This Court has not addressed the limits imposed by the Eighth Amendment and its South Dakota counterpart, Article VI, Section 23, to the forfeiture of a vehicle. Our only analogous case on this issue is *Krahwinkel*, which addressed a gross disproportionality claim on a civil penalty for an overweight truck violation. 2002 SD 160, ¶ 38, 656 NW2d at 464-65. In that case, we recognized:

> The Eighth Amendment provides that 'excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.' This guarantee protects against fines that are grossly disproportionate to the offense. Austin v. United States, 509 US 602, 113 SCt 2801, 125 LEd2d 488 (1993). The constitutional inquiry regarding excessive fines is proportionality: the amount of the fine must bear some relationship to the gravity of the offense that it is designed to punish. *Id.* at 622-23, 113 SCt at 2812, 125 LEd2d at 488; U.S. v. Ursery, 518 US 267, 283, 116 SCt 2135, 2145, 135 LEd2d 549 (1996). Furthermore, the Eighth Amendment proscription against excessive fines applies to fines imposed by the

> government in civil actions. *Austin*, 509 US at 610, 113
> SCt at 2806, 125 LEd2d at 488.

*Id.* In *Austin,* a case involving forfeiture based on a violation of South Dakota's

drug laws, the United States Supreme Court explained:

> The Excessive Fines Clause limits the government's
> power to extract payments, whether in cash or in kind, as
> punishment for some offense. The notion of punishment,
> as we commonly understand it, cuts across the division
> between the civil and the criminal law. It is commonly
> understood that civil proceedings may advance punitive
> as well as remedial goals, and, conversely, that both
> punitive and remedial goals may be served by criminal
> penalties. [1]

509 US at 609-10, 113 SCt at 2805-06, 125 LEd2d at 488 (internal citations

omitted). As a result, the United States Supreme Court has held that the Eighth

Amendment Excessive Fines Clause applies to civil forfeiture proceedings. *Id. See*

*also* $100 and A Black Cadillac v. Indiana, 822 NE2d 1001, 1010 (Ind App

2005)(holding Indiana forfeiture statute subject to Excessive Fines Clause).

[¶7.] "The touchstone of the constitutional inquiry under the Excessive

Fines Clause is the principle of proportionality: The amount of the forfeiture must

bear some relationship to the gravity of the offense that it is designed to punish."

United States v. Bajakajian, 524 US 321, 334, 118 SCt 2028, 2036, 141 LEd2d 314

(1998). As the Eighth Circuit Court of Appeals has recognized, "[t]hough the

Supreme Court has held that 'a punitive forfeiture violates the Excessive Fines

Clause if it is grossly disproportional to the gravity of a defendant's offense,' the

---

1. The United States Supreme Court and this Court have held that forfeiture is
   not punishment for purposes of the Double Jeopardy Clause. *Ursury*, 518 US
   at 278, 116 SCt at 2142, 135 LEd2d at 549; State v. Kienast, 1996 SD 111, ¶
   12, 553 NW2d 254, 256.

Court has expressly declined to enunciate a test of gross disproportionality." United States v. Dodge Caravan Grand SE, 387 F3d 758, 763 (8th Cir 2004). The Eighth Circuit Court of Appeals has articulated a two-pronged approach to assess any such challenge: First, the claimant must "make a prima facie showing of gross disproportionality;" and, second, if the claimant can make such a showing, "the court considers whether the disproportionality reaches such a level of excessiveness that in justice the punishment is more criminal than the crime." *Id.*

[¶8.] The assessment of gross disproportionality requires particular attention to a number of factors surrounding the forfeiture. As the Eighth Circuit Court of Appeals has instructed:

> To determine whether the facts indicate gross disproportionality, the district court must consider multiple factors, including the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, and the value of the property forfeited. We have also identified other helpful inquiries such as an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability and, of course, the extent that the defendant's interest and the enterprise itself are tainted by criminal conduct. This list is not exhaustive, and, in dicta, we have criticized an excessive fines analysis that failed to consider factors, such as the monetary value of the property, the extent of the criminal activity associated with the property, the fact that the property was a residence, the effect of the forfeiture on innocent occupants of the residence, including children, or any other factors that an excessive fine analysis might require. A survey of case law also illustrates other potentially relevant factors, such as whether the Act authorizing forfeiture is aimed at the underlying criminal act giving rise to the forfeiture, the harm caused by the criminal wrongdoer's acts, and the value of drugs seized.

*Id.* (internal citations omitted). In addition, "if the value of the property forfeited is within or near the permissible range of fines . . . the forfeiture

-6-

is almost certainly not excessive." *Id.* Criminal fines are particularly relevant as they reflect judgments made by the legislature about the appropriate punishment for an offense. *Bajakajian*, 524 US at 336, 118 SCt at 2037, 141 LEd2d at 314. However, in weighing these factors "mathematical exactitude in the analysis is not required." Property Seized from Terrell, 639 NW2d 18, 21 (Iowa 2002).

[¶9.] Furthermore, "the comparison in a disproportionality analysis must be made between the value of the property to be forfeited and the severity of the offense as viewed by the legislature, *not the actual sanction imposed.*" *Id.* (emphasis added). This is because:

> [A] defendant who received only probation could not lose any property to forfeiture because any value attached to the property would be disproportionate to the criminal sanction. It would also be poor public policy because a prosecutor who has an eye toward possible forfeiture would naturally press for the imposition of the maximum sentence in order to make a forfeiture less subject to a claim of disproportionality. Further, as a criminal conviction is not a prerequisite to a forfeiture action, in some cases there may not even be a sentence or other sanction to consider.

*Id.* at 21-22.[2] Also relevant is a correlation between the offense and the "damages sustained by society or to the cost of enforcing the law." One Car, 1996 Dodge X-

---

2. Therefore, it is permissible to consider the offense resulting in the forfeiture and not solely what a claimant has pleaded guilty to as a result of the offense. *See $100 and A Black Cadillac*, 822 NE2d at 1011-12. This is supported by the fact that the "conveyance used in connection with the controlled substance is considered to be the offender under the statute and there is no expressed or implied provision for a prior conviction of the registered owner as a condition precedent to forfeiture." *One 1966 Pontiac Auto, Etc.*, 270 NW2d at 364.

Cab Truck, 122 SW3d 422, 425 (Tex App 2003).[3]

[¶10.]      In this case, the circuit court was limited in its consideration of relevant factors by the stipulation of the parties. Those stipulated facts established that Kroupa possessed methamphetamine, he placed that methamphetamine in the vehicle, he drove to an apartment that was being searched for narcotics, narcotics were found at that apartment, ingredients for the manufacture of methamphetamine were also found at the apartment, Kroupa possessed a large amount of cash, a drug dog hit on the vehicle, methamphetamine was found in the vehicle, Kroupa admitted the methamphetamine belonged to him and he was on probation for federal crimes relating to his possession of a controlled substance with the intent to distribute. These stipulated facts do not suggest gross disproportionality in the forfeiture of this $7400 vehicle.

[¶11.]      In this case, the circuit court limited and placed undue consideration on the crime Kroupa pleaded guilty to (misdemeanor ingestion) and the maximum

---

3.    This is consistent with *Krahwinkel*, where this Court considered "the amount of money expanded by the State" to enforce the overweight truck provisions and also the purpose of those provisions to "protect the roads from damage" and "insure the safety of the traveling public" as relevant factors when assessing a claim of gross disproportionality. 2002 SD 160, ¶¶ 38-39, 656 NW2d at 465.

Along this same line, this Court has recognized that:

> Selling drugs is a harsh and unsavory business. Many drug dealers make handsome profits from their endeavors. Drug abuse has devastated countless American youth to include young South Dakotans. Drugs are a peril to our society.

State v. Pettis, 333 NW2d 717, 720 (SD 1983).

punishment for that crime (one year imprisonment and/or a $1,000 fine) in assessing disproportionality. This overly restrictive view is clearly evidenced by the circuit court's findings:

> Adam Kroupa was arrested for possession of a controlled substance, and plead[ed] guilty to ingesting a substance under SDCL 22-42-15, which is a Class 1 misdemeanor punishable by one year imprisonment and/or a $1000 fine. Kroupa received a one year sentence with all but thirty days suspended, plus costs. Kroupa did not receive a fine.
>
> The forfeiture of Kroupa's vehicle would inflict a punishment 7.4 times the fine Kroupa was subject to for ingesting a substance[.]
>
> In this case, the possible fine which could have been imposed for the offense is substantially less than the value of the Defendant vehicle, and forfeiture of the vehicle is grossly disproportionate to the gravity of the offense, and is therefore an excessive fine and unconstitutional.

A court must consider the entire circumstances surrounding the offense that lead to the forfeiture when assessing gross disproportionality. *See Dodge Caravan Grand SE*, 387 F3d at 763. The circuit court disregarded the fact Kroupa was in possession of a controlled substance and was also a habitual offender and thus faced a possible fifteen years in the penitentiary and a $15,000 fine. SDCL 22-42-5, 22-7-7, 22-6-1. As previously mentioned, Kroupa's guilty plea to a lesser charge did not foreclose consideration of the facts of the entire offense, especially in this civil case with a lesser burden of proof. *See $100 and A Black Cadillac*, 822 NE2d at 1011-12; *Property Seized from Terrell*, 639 NW2d at 21. The circuit court erred as a matter of law in limiting its analysis to the fine for the ingestion charge when assessing gross disproportionality. An assessment of all the relevant factors in this

situation does not suggest that this forfeiture was grossly disproportionate to the gravity of the offense in violation of the United States or South Dakota Constitutions.

[¶12.] Reversed.

[¶13.] KONENKAMP and ZINTER, Justices, concur.

[¶14.] SABERS and MEIERHENRY, Justices, dissent.

SABERS, Justice (dissenting).

[¶15.] The trial court held that the forfeiture of the vehicle valued at $7,400 was grossly disproportionate to the gravity of the offense; that the possible fine which could have been imposed for the offense is substantially less than the value of the vehicle, and therefore, is an excessive fine and unconstitutional.

[¶16.] I would affirm the holding of the trial court.

[¶17.] This holding was fairly based on the stipulated facts between the parties which in key parts provide:

> According to the detectives, the appropriate street value of the methamphetamines seized from the Defendant's vehicle is $50.

> The appropriate retail value of the Defendant's vehicle is $7,400.

[¶18.] In my view, the majority opinion goes far beyond the stipulated facts and puts its own spin on those facts and relevant law. In paragraph 6, the majority opinion acknowledges that this Court has not addressed the limits imposed by the Eighth Amendment and its South Dakota counterpart, Article VI, Section 23, to the forfeiture of a vehicle. To follow this majority opinion would make it clear that there **ARE NO LIMITS** and I dissent.

[¶19.]     MEIERHENRY, Justice, joins this dissent.